ABRAHAM SELIGSBERG, Appellant, *v.* LEOPOLD SCHEPP, Respondent.

*Broker — an inspection of his books not granted on the application of a customer, sued by the broker to recover a balance of account for commissions and interest on advances — appeal from an order as resettled by another order.*

A broker, who had purchased, sold, cleared and carried for a customer, stocks, bonds, wheat and silver certificates, and had advanced money to him, brought an action against the customer to recover a balance alleged to be due to him for commissions and interest upon advances. After the service of the summons and complaint in the action, the defendant applied for an order requiring the plaintiff to deposit with his attorney all his books containing accounts records or entries of all business transactions connected directly or indirectly with the defendant, and also all books showing the rates of interest paid and received by the plaintiff in connection with said transactions, and permitting the defendant to inspect and take copies thereof. The application was based upon a petition alleging that the transactions covered a period of about six years and represented many millions of dollars; that the defendant had no means of ascertaining or determining the correctness of the balance alleged to be due from him otherwise than by an inspection of the books relating to the cause of action, and that the statements of account, furnished by the plaintiff to the defendant from time to time, were incorrect and unreliable; that many of the errors and mistakes therein had been acknowledged to be such by the plaintiff, and that the statements did not contain information obtainable from the books which was necessary to enable the petitioner to frame his answer and prepare for trial.

It further appeared that both the plaintiff and the defendant were members· of the New York Stock Exchange, and it was alleged, and not denied, that a vast majority of the transactions were made by the defendant himself, and that the plaintiff simply carried out such transactions; that, during the period covered by the transactions, the defendant was constantly in the plaintiff's place of business, examined the books and had personal knowledge of the transactions conducted by the plaintiff on his behalf.

*Held,* that the defendant's application for an inspection of the plaintiff's books should have been denied;

That such an inspection was unnecessary to protect the rights of the defendant, and would simply enable the defendant to ascertain whether the plaintiff, upon the trial, would be able to prove the correctness of the statements made by him;

That the sole effect of the examination would be to enable the defendant to ascertain whether there was any defect in the plaintiff's proof, or anything that would justify the defendant in interposing a defense or counterclaim, and that the inspection would not be allowed for this purpose.

A notice of appeal from an order "entered herein on the 21st day of April, 1902, as resettled by the order entered herein on the 2d day of December, 1902, and from each and every part thereof," brings up for review the whole order as resettled and not simply that portion thereof resettling the prior order; the effect of the resettlement is to vacate the order originally granted and to substitute in place thereof the order as resettled.

APPEAL by the plaintiff, Abraham Seligsberg, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of April, 1902, as resettled by an order entered in said clerk's office on the 2d day of December, 1902, granting the defendant's motion for an inspection of the plaintiff's books and papers.

*George W. Seligman,* for the appellant.

*Ralph Wolf,* for the respondent.

INGRAHAM, J.:

The plaintiff commenced this action to recover the balance due for services rendered under a contract between the plaintiff and the defendant. The plaintiff's firm had "purchased and sold, cleared and carried" for the defendant stocks, bonds, wheat and silver certificates, and advanced moneys, at the request of the defendant, under an agreement by which the plaintiff's firm was to be paid a commission and interest upon advances made, the plaintiff claiming that there is a balance due him of upwards of $13,000. The summons and com-

plaint having been served, the defendant has applied for and obtained an order requiring the plaintiff to deposit with his attorney all books of Seligsberg & Co. containing accounts, records or entries of all business transactions connected directly or indirectly with Leopold Schepp, the defendant, and also all books showing the rates of interest paid and received by them in connection with said transactions, and that said discovery and inspection be made by the deposit by the plaintiff in the office of his attorney of the said books, and that they remain for sixty days after the deposit of the same as aforesaid, and be open to the examination of the defendant, his attorneys and accountants, with leave to take copies thereof, or any part thereof. The application was based upon the petition of the defendant alleging that the transactions covered a period of about six years, and involved the purchase and sale of stocks, bonds, silver certificates and wheat, representing many million dollars; that the defendant has no means whatever of ascertaining or determining the correctness of the balance claimed to be due from him to the plaintiff, otherwise than by the production and discovery or inspection, with copy, of the books relating to said cause of action, which were kept by said Seligsberg & Co., and which are now in the possession of the plaintiff, and which contain entries of the transactions referred to in the cause of action set forth in the complaint, and that certain alleged statements were furnished to the defendant by the plaintiff from time to time, but that the said statements are incorrect and unreliable, and numerous errors and mistakes of various kinds have been discovered therein, and many of such errors and mistakes have been acknowledged to be such by the plaintiff or his attorneys, and said statements do not contain information contained in and obtainable from said books, which is necessary to enable the petitioner to prepare his answer to the complaint and to prepare for the trial of this action.

We think this petition fails to state facts which would justify the court in requiring the plaintiff to submit for the examination by the defendant and his accountants all his books and papers containing all entries of his transactions for others. The plaintiff seeks to recover a balance due from the defendant, and upon the trial he must prove all of the transactions between himself and the defendant, and the transactions that were made on account of the defendant,

for which he is entitled to recover. The effect of this order is to allow the defendant to obtain a knowledge of all of the plaintiff's testimony and of the witnesses by which the plaintiff will prove his cause of action. It is not denied but that the defendant has the statements furnished by the plaintiff specifying the transactions upon which his demand is based, and it is difficult to see how an inspection and examination of the plaintiff's books are necessary, except to enable the defendant to discover whether or not the plaintiff will be able to prove upon the trial the correctness of these statements. The defendant alleges that he wishes to set up a counterclaim to recover $50,000 from the plaintiff, but his allegations in respect to this counterclaim are extremely vague and indefinite, and it is quite apparent that he has no knowledge of any fact which would justify him in alleging that he has any cause of action against the plaintiff. While orders of this character have been made, it is only in cases where a relation of trust and confidence existed between the parties, and where such an inspection is absolutely necessary for the protection of the party making the application. The relations between these parties were not the usual relations between a customer and his broker. Both plaintiff and defendant were members of the New York Stock Exchange, and it is alleged and not denied that a vast majority of these transactions were made by the defendant, the plaintiff simply carrying out the transactions made by the defendant himself; and that during the period the defendant was constantly in the plaintiff's place of business, examined the books and had personal knowledge of the transactions made by the plaintiff on his behalf. In such a case, to entitle a party to compel his opponent to submit the books relating to his business to an examination, it must at least appear that some particular account or entry in the books sought to be examined is necessary for the party making the application either to prepare his pleading, or to prove his defense upon the trial. Here the defendant does not wish to obtain an examination or copy of any particular account or entry. Indeed, there is no allegation that any account or entry in the plaintiff's books will be of any value to him, either in framing his answer or as evidence upon the trial. What he wants is a general right to go over the books to discover if there was any defect in the plaintiff's proof, or anything that would justify him in a defense, or in

interposing a counterclaim, and a discovery is never allowed for such a purpose. These books are the books of the plaintiff's business. In that business the defendant had no concern; and in the absence of a statement of any fact that could be proved by the books which would aid the defendant in preparing his answer, there is no basis for an order requiring the plaintiff to exhibit to the defendant all of the accounts between himself and his customers and in allowing him to roam at will through the books containing records of private transactions for others.

We think, therefore, that the application should have been denied.

The defendant claims that the notice of appeal is not sufficient. It seems that an order was originally entered which the court, upon notice, resettled, and the appeal is from the order "entered herein on the 21st day of April, 1902, as resettled by the order entered herein on the 2d day of December, 1902, and from each and every part thereof." This is clearly sufficient to bring up for review the whole order as resettled, and there is no basis for the claim made by the respondent that the plaintiff has only appealed from that portion of the order of December 2, 1902, which resettles the order of April 21, 1902. The effect of the resettlement of the order was to vacate the order originally granted and to substitute in place thereof the order as resettled. The notice of appeal from the order as resettled would have been sufficient to present that order for review, and it is that order resettling the prior order from which the appeal is taken.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

VAN BRUNT, P. J., PATTERSON, HATCH and LAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

---

NOTE.— The rest of the cases in this term will be found in the next volume, 80 App. Div.— [REP.