ARMIN BENCOE, Appellant, *v.* ROBERT E. McDONNELL and Others, Copartners Doing Business as McDONNELL & Co., Respondents.

Second Department, June 16, 1924.

Discovery and inspection — action for accounting — account filed as directed by interlocutory judgment — no objections filed — general inspection of books of defendant will not be granted either as matter of right or of discretion.

In an action for an accounting in which the defendant has filed an account as directed by the interlocutory judgment to which no objections have been filed, the plaintiff is not entitled, either as a matter of right or of discretion, to a general inspection of the records, books and documents of the defendants pertaining to plaintiff's transactions with them.

APPEAL by the plaintiff, Armin Bencoe, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 5th day of May, 1924, denying his motion for discovery and inspection.

*Samuel White,* for the appellant.

*James A. Dilkes,* for the respondents.

Order denying application for discovery and inspection of defendants' books and papers, upon terms, affirmed, with ten dollars costs and disbursements, upon opinion of Mr. Justice TAYLOR at Special Term.

KELLY, P. J., RICH, JAYCOX, MANNING and KAPPER, JJ., concur.

The following is the opinion of the court below:

TAYLOR, J.:

An accounting before the referee, by the defendants, has been directed in the interlocutory decree.  The account has been filed; in effect it constitutes a pleading by the defendants as to the state of the account.  The plaintiff has not as yet filed objections thereto; in other words, issue has not been joined as to the same.  He now applies for a very general inspection of records, books and documents of the defendants, pertaining to plaintiff's past transactions with them.  The courts have pointedly intimated their reluctance to

grant, and have uniformly denied such a wholesale inspection as is here requested, upon such a showing of the claimed necessity therefor as is here made. (*Seligsberg* v. *Schepp*, 79 App. Div. 626; *Cohen* v. *Rothschild*, 162 id. 611; *Walsh* v. *Press Co.*, 48 id. 333, 335; *Ortman* v. *Beiley*, 160 id. 258; *Snyder* v. *De Forest Wireless Telegraph Co.*, 113 id. 840, 844.) I think also that the learned counsel for plaintiff is in error when he suggests that an inspection at the present stage of this case is to be granted as a matter of course, although some language in an opinion of a learned judge, standing by itself, does so intimate. (RODENBECK, J., in *Murphy* v. *Keenan*, 101 Misc. Rep. 443; affd., without opinion, 183 App. Div. 923.) That same opinion (*Murphy* v. *Keenan*, *supra*), in another portion thereof, however, sets forth what I regard to be the true rule: " The application, however, in any case will be granted only in the exercise of a sound discretion in the ascertainment of truth and the advancement of justice but it must appear that the evidence is competent, relevant and material to the issues, unknown to the party seeking it and in the possession of the adverse party " (citing numerous cases).

From the moving papers the evidence sought by this requested inspection cannot be said to be unknown to the plaintiff; and from a reading of the voluminous affidavits on both sides I believe that in the exercise of a sound discretion the application should not be granted. The motion is denied, but without costs, and without prejudice (a) to the plaintiff's right to compel the production of books and papers by a subpœna *duces tecum* before the referee, at an examination of the defendants or their subordinates before that official (See *Seligsberg* v. *Schepp*, *supra*); further (b) without prejudice to a renewal of this application in the event that it shall hereafter be made to appear (as I hold that it is not now made to appear) that the examination of particular books and papers is necessary, upon which renewed application, if made, the court may then judge as to the necessity for the examination of such books and papers, and give directions as to its scope (*Hay* v. *Republic Trading Co.*, 184 App. Div. 537, 538); and further (c) without prejudice to an application for the examination of the defendants by the plaintiff before the trial which is to be had before the referee, upon which the books and papers may be produced by a subpœna *duces tecum* as required. (*Rheims* v. *Bender*, 185 App. Div. 61, 62.) Ordered accordingly. Settle order on notice.