ARMIN BENCOE, Respondent, v. ROBERT E. MCDONNELL and Others, Copartners, etc., Appellants.— Order in so far as appealed from reversed on the law and the facts, with ten dollars costs and disbursements. The account has been filed, the plaintiff has been directed to file definite objections to this account. From the papers before us on the appeal from Mr. Justice Taylor's order (affirmed on opinion at Special Term, 210 App. Div. 123), it would appear that with monthly statements received from defendants during the four-year period covered by the account, plaintiff should be able to frame his objections definitely; but if necessary he may, in advance of filing these objections, examine defendants to obtain such information as may be necessary to enable him to file his objections. If the witness must refer to books and papers for the purpose of refreshing his recollection, the books and papers should be produced for that purpose only, and the affidavits show that they were so produced. Plaintiff, however, insists that in advance of trial on this preliminary examination to enable him to file objections if he has any, he has a right, with his attorney and accountants, to go through all of defendants' books and papers containing not only defendants' accounts with plaintiff, but the records of their entire business transactions. This is precisely what Mr. Justice Taylor said plaintiff could not do, and this court affirmed his order (*Bencoe* v. *McDonnell*, 210 App. Div. 123). The referee so held, and we think he was right in this ruling. The order appealed from in so far as it authorizes or permits such general inspection and examination of defendants' books is reversed. Defendants consented to an interlocutory decree and filed their account. If plaintiff will file his objections to the account in proper form as directed by the court, the trial may proceed under the interlocutory decree. It would appear that a great deal of time is unnecessarily taken up with these preliminaries. Kelly, P. J., Rich, Jaycox, Manning and Kelby, JJ., concur.

AFFIE C. BROWN, Respondent, v. FOSTER H. BROWN, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Manning, Kelby and Young, JJ., concur.

SAMUEL GOLDBERG and Another, Doing Business as GOLDBERG BROTHERS, Respondents, v. AGARDH E. HANSEN, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Jaycox, Manning and Kelby, JJ., concur.

NATHAN GOLDSTEIN, Respondent, v. BROOKHAVEN HOLDING CORPORATION, Appellant.— Upon the trial circumstances may establish the inequity of decreeing foreclosure, and permit the defendant by payment of the premium to avoid it. The conclusion may be reached that very little, if any, more insurance would have amply protected plaintiff. That result would require that foreclosure should be refused. Order affirmed, with ten dollars costs and disbursements. Kelly, P. J., Jaycox, Kelby, Young and Kapper, JJ., concur.

ARTHUR R. ISAACSON, Appellant, v. VICTORIA FADER and Others, Respondents. — Order affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Jaycox, Manning and Kelby, JJ., concur.