Vincent A. Lupiano, J.
Motion is granted as follows: The notice of examination before trial is modified by eliminating the requirement for the attendance of Gross, who acted as attorney for the defendant in connection with certain negotiations. No necessity for his examination is indicated as the *101 defendant Peyser apparently was a participant in the same negotiations. It does not appear that Mr. Gross acted otherwise than as an attorney or adviser to his client; it is not shown that he was a general agent who had adequate authority to represent his principal in the making of an agreement. Thus, no reason appears why he, more than any attorney acting for a client, should be examined before trial. Items 2 and 3 of the notice of examination are vacated. Examination is allowed under all other items. The examination by plaintiff of the defendant will precede the examination by defendant of the plaintiff. No reason is shown for departing here from the usual procedure. Let the examination of the defendant Peyser proceed accordingly at Special Term, Part II of this court on January 28, 1957 at 10:00 a.m. All relevant books, records and documents will be produced for use pursuant to section 296 of the Civil Practice Act.
(On reargument.)
Motion for reargument is granted and upon reargument the original decision is adhered to.
This motion for reargument seeks to modify the original decision and order and thus permit the examination of Jack Gross, Esq. The motion sought, in part, to vacate a notice of examination of Gross as an agent of the defendant and as a witness. With respect to the alleged status of Gross as an agent, the court granted the motion and vacated the notice of examination because there was a failure to show that he “ acted otherwise than as an attorney or adviser to his client ” and not as a general agent who had adequate authority to represent Ms principal. Because of the procedure resorted to, the court properly did not pass upon that part of the motion which sought to vacate the examination of Gross as a witness. Rule 321-a of the Rules of Civil Practice limits the taking of testimony by deposition upon notice to parties in an action, their agents or employees. It is inapplicable to witnesses (Augenblick v. Augenblick, 203 Misc. 360 [1952]).
It seems indicated, therefore, that a newly initiated motion to examine Gross as a witness is open pursuant to the procedure provided in rule 122 of the Rules of Civil Practice, in conjunction with section 288 of the Civil Practice Act. Upon such a motion the authorities now urged by the plaintiff upon this motion for reargument may be considered.
Settle order fixing the date, time and place for the examination of the defendant by the plaintiff.