James C. O ’Bribe", J.
The plaintiff proceeded by notice to examine the defendant as an adverse party, by two named persons and two persons not named but identified as holding specified offices or positions with the defendant. Defendant states, and plaintiff does not deny, that one of the persons named as a proposed subject of the examination, viz.; Catherine Ann Ber-nardini, a nurse, is no longer in the employ of the defendant. Upon the notice served by the plaintiff, there may be taken only the deposition of officers, agents and employees of the defendant. It is not applicable to witnesses (Civ. Prac. Act, §§ 288, 289, 290; Bules Civ. Prac., rule 121-a; Wax v. Sacks, 280 App. Div. 900; Augenblick v. Augenblick, 203 Misc. 360; Shoreham Operating Corp. v. Peyser, 7 Misc 2d 100, 101). Accordingly the defendant’s application to modify the notice by deleting the name of Miss Bernardini is granted without prejudice, nevertheless, to any application which plaintiff may be advised to make on proper grounds to examine that person as a witness.
The notice requires defendant to produce for inspection various writing's, documents and records, including “ the rules and regulations ” of the defendant relating to the treatment and care of patients. Defendant moves to vacate the portion of the notice that requires it to produce its written rules and regulations.
Tripp’s Guide to Motion Practice (p. 211, § 75, par. 2 [rev. ed.]) in speaking of inspection of books and records of a defendant, makes this statement: “ In any case, however * * * it must appear that the evidence is competent, relevant, and material to the issues ” (citing Murphy v. Keenan, 101 Misc. 443, affd. 183 App. Div. 923; Bencoe v. McDonnell, 210 App. Div. 123). At subdivision 5 of the same section at page 212 Mr. Tripp states: “ The documents sought to be discovered must themselves be admissible in evidence (People ex rel. Lemon v. Supreme Court, 215 N. Y. 24) and relate to the merits of the action or defense.” In the Lemon case an individual who had been indicted succeeded in securing an inspection of the Grand Jury minutes. Not content with that, she obtained an order at Special Term which allowed her to inspect the other evidence which had been gathered by the District Attorney, including statements, records and other documents. The Appellate Division granted a writ of prohibition and from this the plaintiff appealed to the Court of Appeals. Judge Cabdozo wrote the opinion and after tracing the historical background of the right to inspect documents and *489 records in the possession of an adverse party, among other things makes this statement at page 29: “ Docupients to be subject to inspection must be evidence themselves ”, (citing cases). Accordingly the rules and regulations of defendant are not subject to inspection unless they constitute competent evidence which would be admissible upon the trial.
The que_stion to be answered, then, is whether or not under the issues raised by the pleadings in this case, these rules of the defendant hospital would be admissible in evidence. I have concluded that they are not admissible. In Fonda v. St. Paul City Ry. Co. (71 Minn. 438, 449) quoted with approval by Justice Edgecomb in Taddeo v. Tilton (248 App. Div. 290, 292 [4th dept.]), there is a clear and plain statement of the reason for the exclusion of such rules from evidence in a case like ours. (See, also, Longacre v. Yonkers R. R. Co. (236 N. Y. 119, 125.) It is true that some text writers and some reported cases offer authority for a contrary conclusion. However, it seems to me that the correct rule is as stated in the Taddeo case (supra). Since the rules are not admissible in evidence under the pleadings as they now stand, an inspection of them will not be permitted, and the order may so provide.
Defendant will submit for signature a proposed order approved in writing as to form by plaintiff’s attorney. If such approval cannot be secured the form of order may be settled on five days ’ written notice.