Bernard Ryan, P. J.
This is an application by claimants for an examination before trial of the defendant. Certain items proposed for exploration are assented to by the Attorney-General *1038 and need not be discussed. The Attorney-General opposes the granting of an order directing that the Director of Rockland State Hospital be examined as to the movements of patients from certain buildings to recreational areas during the month of June, 1956 and asks that the examination be limited to the movements of the infant claimant, who was then an inmate of the institution. The claim alleges that the infant patient was assaulted by another patient. The examination with respect to the movements about the hospital grounds of other patients may disclose what opportunities were presented to the infant’s alleged assailant. The examination is permitted.
The Attorney-General also opposes the examination of the director as to the physical layout of the buildings and grounds within the confines of the hospital. This examination should be limited to those areas of the physical plant to which it may appear, as the examination develops, that the claimant and her alleged assailant may have had access.
Likewise opposed is examination of the director as to the rules, regulations, restrictions and privileges set down for the conduct of patients in June, 1956. In support of his position the Attorney-General cites among other authorities the decision of Mr. Justice O’Brieu in Munsie v. Highland Hosp. of Rochester (8 Misc 2d 487 [11/25/57]). The information here solicited is in a different category from that which was the subject of the application in the Munsie case. We find it to be proper upon this application to permit the inquiry requested. Experience provides precedent for a disclosure of the rules and regulations established by the Department of Mental Hygiene for the management of institutions under its supervision, both in respect to conduct of patients and the assignment of personnel. The item is allowed.
The Attorney-General protests that the examination of the director as to the number of employees, agents and officers of the defendant in attendance at said hospital in June, 1956 is too broad and sweeping and the claimants consent that this part of the examination be restricted to an ascertainment of the number of employees and officers on duty at the time of the alleged occurrence and in the area wherein the alleged occurrence took place.
The Attorney-General objects to an examination of the hospital director or staff as to any investigation made by them of the physical condition of the infant claimant after the alleged assault. This objection is based upon the alleged privilege of attorney and client. The examination is allowed to the extent *1039 of covering the subject of investigations made by the hospital staff on their own initiative following any complaint made to them by the infant claimant or on her behalf. So restricted it should not invade the work product area of the Attorney-General or the field of investigations made by his deputies or investigators after a claim or a notice of intention to file a claim had been filed or served.
Next, the Attorney-General objects to a disclosure of the names of patients in a certain building and certain wards of the hospital in June, 1956 on the ground that this would violate the doctor patient privilege. We believe the point to be without substance. All that is requested is to name the patients. Some of them may have been witnesses to the alleged assault.
Finally, the Attorney-General objects to the production by the director and the examination of records and documents as indicating claimant seeks a general discovery and inspection. It is our understanding that claimant asks only for an examination of such records as provided by section 296 of the Civil Practice Act. So much for the requested examination of the director of the institution.
Perhaps the most important point at issue here is the request for an order pursuant to section 20 and subdivision 9 of section 34 of the Mental Hygiene Law of the hospital records of one Benny Morros, an inmate of the institution and the person who is alleged to have assaulted the infant claimant. The Attorney-General cites among other authorities Matter of City Council of City of N. Y. v. Goldwater (284 N. Y. 296); Matter of Coddington (307 N. Y. 181); Rubin v. Equitable Life Assur. Soc. (269 App. Div. 677) and Montgomery County Trust Co. v. State of New York (283 App. Div. 1008). The question of privilege has been discussed in these and in other cases both with respect to wards of the State who were claimants, and wards who have been third persons, not parties to the suit. We believe the provisions of the Mental Hygiene Law to be broader than those of the Civil Practice Act. (Matter of Warrington [State of New York], 303 N. Y. 129; Scolavino v. State of New York, 187 Misc. 253, mod. on other grounds 271 App. Div. 618, affd. 297 N. Y. 460.) We recognize that certain entries in the hospital records of Morros, such as refer to his propensities, the diagnosis of his condition by hospital physicians or psychiatrists and their opinion as to his prognosis may be of a confidential nature and should not be disclosed. (Montgomery County Trust Co. v. State of New York, supra.) But this restriction does not prohibit the applicant herein from ascertaining what the State’s *1040 records disclose as to observations made of the activities of Morros, his movements and what protection and custodial care he was given both with respect to himself and to his relations with other inmates of the institution. Within those confines the motion herein is granted.
Submit order in accordance with foregoing.