## SUPREME COURT.

### Lawrence Lynch agt. Ezekiel Davis.

An action cannot be sustained under the laws of 1847 ( *Sess. Laws*, 1847, *p.* 575) by a plaintiff *as administrator* of his deceased wife, for alleged mal-practice and injuries received by her from the defendant. The right of action is vested in the plaintiff as the *husband* of his wife, and not as administrator.

*Rensselaer Special Term, June,* 1855.
DEMURRER to complaint.
The action was brought by the plaintiff as administrator of his deceased wife.

The complaint alleges that the defendant, holding himself  out to the public as a physician and surgeon, well skilled in the practice of the profession, was, on the 6th of March, 1854, employed by the plaintiff, for reasonable hire and reward to be paid therefor, to attend upon his wife in her confinement—she being then pregnant and heavy with child, and seized with the pains of labor, and confined in child-bed, and to deliver her of the child with which she was so pregnant and laboring; that, being grossly ignorant of his profession, the defendant neglected and omitted to remove the *placenta*, or after-birth, and, by means of such neglect and omission, bleeding ensued, thereby causing

the death of the wife.   Wherefore, the plaintiff, as administrator, &c., claimed damages to the amount of $5,000, besides costs.

To this complaint the defendant demurred, on the ground that the facts stated did not constitute a cause of action.

JOHN J. VIELE, *for plaintiff.*
ABRAHAM B. OLIN, *for defendant.*

HARRIS, Justice.   If the cause of action stated in the complaint is to be regarded as a breach of the obligation implied in the employment of the defendant as a physician, the right of action was vested in the plaintiff, as the *husband* of his wife, and not as administrator.   The contract to perform his professional duty in a skilful manner was made with the husband, and not the wife.

In an action founded upon this breach of duty, the husband might recover the damages he had sustained by reason of the loss of the society and aid of his wife.   It may not be improper to state, that at the same circuit at which this issue was tried, an action brought by the husband in his own right, for the same case of *mal-practice*, was brought to trial, and the plaintiff recovered such damages as the jury thought fit to award to him for the loss of his wife.

If the action had been founded upon the wrong committed by the defendant, and the personal suffering that resulted to the wife, she could not have sued alone, if living; but the husband must have been joined as a plaintiff with her. (1 *Chit. Pl.* 73.) It would, indeed, have been the action of the husband, though the wife, being the *meritorious cause*, must have been joined with him as plaintiff.   Upon the death of the wife, the cause of of action, so far as related to her, did not survive at common law.

The act of 1847, (*Sess. Laws*, 1847, *p.* 575,) upon which the plaintiff relies, only gives an action to the personal representatives of the person injured and dying, when the person so injured, if living might have maintained an action, and recovered

damages for the same injury. The common law gave the husband and the father a right to recover of the wrong-doer the pecuniary injury he had sustained by reason of the killing of his wife or child. The husband had availed himself of this right of action, in this very case, to recover damages for the loss of his wife. The object of the act of 1847 was, to extend the same rule to the wife and the child, so that they also might recover the pecuniary damages they had sustained by the wrongful killing of the husband or the father. Hence, the proper rule of damages, in all such cases, is to inquire what the party killed was worth to his family. The husband has already had the benefit of this same rule as applicable to the same injury of which he now complains. It would be an obvious perversion of the intention of the legislature to allow a second action to be sustained for precisely the same injury.

Nor is there anything in the language of the act referred to which would warrant such an action. The wife, if living, could not have sustained an action for the injury. The action, as we have seen, must have been either in favor of the husband alone, or the husband and wife as joint plaintiffs. The case is, therefore, neither within the terms nor the intent of the statute.

The demurrer must be allowed, and the complaint dismissed, with costs to be taxed.