By the Court.—Ingraham, P. J.
[After briefly referring-to the pleadings.]—There can be no doubt as to the rule, both in the courts of England and this country, that a husband cannot maintain an action for killing his wife, where the death is immediate, whether such killing arises from wilfullness or negligence. The case of Green v. Hudson River R. R. Co. (2 Abb. Ct. App. Dec., 272), is an authority on this point, and refers to various cases establishing the same.
I think it is equally clear, that where a cause of action would exist if the wife had lived, then if she survives after the injury even for a few days, the husband may maintain an action for the loss of the society and services of the wife during that time. This was stated in Lynch v. Davis (12 How. Pr., 323), although in that case the action was by the administrator under the statute.
The justice says : The common law gave the husband a right to recover the pecuniary injury he had sustained by reason of the killing of his wife.’’ In that case the husband had recovered his damages besides what he could recover under the statute.
The consent of the wife to the treatment was not a consent to be ignorantly or negligently treated, nor would it deprive the husband of his claim for damages occasioned thereby. As stated in the complaint, the act was not only one of wrong, but of crime. Although *200 criminal under our statute, the right of action for damages was not merged.
I see no reason why the plaintiff should not recover the damages which he is entitled to for the period of time which his wife lived after the drugs were administered. They may be small, but nevertheless are recoverable under the complaint.
Brady, JY, concurred.
Judgment reversed and new trial ordered, costs to abide the event.