FRED H. MAGEAU v. GREAT NORTHERN RAILWAY COMPANY.[1]

February 28, 1908.

Nos. 15,357—(148).

**Rights of Action of Husband and Wife.**

Where damages to a wife, resulting from defendant's actionable fault, have in no part been caused by the wife's own wrong, two distinct causes of action may accrue—one to her, for the direct injuries to her person and the like; the other to her husband, for the consequential injuries to him, consisting of loss of her services and society, and of the expense to which he may have been put, and the like.

**Recovery by Administrator not a Bar to Husband's Action.**

That such injuries have resulted in the death of the wife, and that an action has been brought under the statute by the administrator for the statutory beneficiaries, and a verdict recovered therein, constitute no bar

[1] Reported in 115 N. W. 651, 946.

to the action by the husband to recover damages inflicted on him by defendant's wrong.

Action in the district court for Polk county to recover $5,150 damages for personal injuries.

The complaint in this action alleged that plaintiff's wife, while a passenger on the defendant's train, was seriously injured by its negligence; that thereby he was compelled to expend large sums of money for drugs, medicines, and medical attendance, and was deprived of the services of his wife and of her society. The answer put defendant's negligence and the damages in issue. In a supplemental complaint plaintiff set forth that because of the said injuries his wife had died, and that he suffered further damages of the same nature as those stated in the original complaint. [At the trial defendant objected to the testimony of the physician who attended the wife as incompetent, immaterial and irrelevant under section 4660 of the statute.] The jury returned a verdict for $1,000. From an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial, Watts, J., defendant appealed. Affirmed.

*J. W. Mason,* for appellant.

*H. Steenerson* and *Charles Loring,* for respondent.

JAGGARD, J. (after stating the facts as above).

1. The trial court refused to instruct a verdict or enter a judgment because plaintiff, as administrator of the estate of his deceased wife, just prior to the trial of this case, had recovered a verdict for $4,000 for wrongfully causing the death of his wife. This fact, although not pleaded, was admitted at the time of the trial. The case was tried on the theory that it constituted an issue in the case. It is elementary that, where damages to the wife resulting from defendant's actionable fault have in no part been caused by the wife's own wrong, two distinct causes of action may accrue, viz., one for injury to the wife, and the other for injury to the husband.

In most jurisdictions statutory changes of the common-law rules as to parties have allowed the wife to sue in her own name for her injuries, which are direct, and the husband to sue in his name for

his injuries, which are consequential. By her, damages to her person and the like (see, for example, Michigan v. Coleman, 28 Mich. 440); by him, damages for the loss of her services and society, expense to which he has been put, and the like—may be recovered (Guy v. Livesey, Cro. Jac. 501; Matteson v. New York, 35 N. Y. 487, 91 Am. Dec. 67; Fuller v. Naugatuck, 21 Conn. 557; King v. Thompson, 87 Pa. St. 365, 30 Am. 364; Barnes v. Martin, 15 Wis. 240, 82 Am. Dec. 670).

It is also elementary that at common law, where death of a wife resulted from these injuries, her cause of action ceases with her life, and that any action by the administrator to recover damages consequent upon death by wrongful act exists by virtue of Lord Campbell's act or similar statutes. It is certain that the two causes of action are essentially distinct. The parties, pleadings, proof, and damages awardable are fundamentally different. The action by the husband— the action per quod servitium amisit—lies, although the wife may not have died. The death of the wife is necessarily a condition precedent to the action by the administrator. The husband recovers only damages peculiar to the relationship, and that is for deprivation of her services, society, expense, and the like. The administrator recovers damages based upon the reasonable expectation of pecuniary benefit of the persons named by the statute, often not the husband, as the beneficiaries of the action. It is entirely clear that there can be no recovery by the husband in his own right for damages subsequent to the death of the wife.

The first case on the general subject regarded as leading is Baker v. Bolton, 1 Camp. 493. This was "an action against the defendants as proprietors of a stagecoach, on the top of which plaintiff and his late wife were traveling  *  *  *  when it was overturned." In consequence the wife died. In the action by the husband, Lord Ellenborough said: "The jury could only take into consideration  *  *  * the loss of his wife's society and the distress of mind he had suffered on her account from the time of the accident till the moment of her dissolution. In a civil court the death of a human being could not be complained of as an injury, and in this case the damages as

to the plaintiff's wife must stop with the period of her existence."

The damages recoverable in the statutory action for death by wrongful act, and certainly in this state, are those which are due to death. The leading specific case on the immediate question is Hyatt v. Adams, 16 Mich. 180. That, like the present, was an action by the husband in his own name to recover damages for negligently causing the death of a wife. There Christiancy, J., discusses the whole matter at great length, including the authorities upon the question of the survival of the action. Inter alia, he said: "The injustice of denying the action for damages accruing up to the time of the death may not be very glaring in the present case, in which the actual damages proved are exceedingly trivial. But the action cannot be denied upon any principle which would not be liable to do great injustice in other cases which may arise. Suppose the wife had lingered for a year or more, and then died in consequence of the injury, and the husband in the meantime had been put to thousands of dollars of expense, in physician's bills, medicines, nursing, and attendance; no one can doubt that at any time while she was yet living the husband's right of action would have been perfect as to the damages accrued up to the time of the action. But she dies the next day after the action is instituted; does his action abate by her death? Has he lost his right, and must he now be denied any compensation for the injury because it has proved fatal to her? If so, it seems to me a more substantial reason should be shown for this denial of justice than any I have yet been able to discover. I therefore agree entirely with the supreme court of Indiana, in Long v. Morrison, 14 Ind. 595, that the husband's action, which had previously vested, is not extinguished by the subsequent death. See also Green v. Hudson River R. R. Co., 28 Barb. 9, Pack v. Mayor, 3 N. Y. 493, Eden v. L. & T. R. R. Co., 14 B. Monroe, 204, and Whitford v. Panama R. R. Co., 23 N. Y. 479–480."

To the same effect see Philippi v. Wolff, 14 Abb. Pr. (N. S.) 196, 199; Lynch v. Davis, 12 How. Pr. 325; Ford v. Monroe, 20 Wend. 210; Mowry v. Chaney, 43 Iowa, 609; Ohio v. Tindall, 13 Ind. 366, 74 Am. Dec. 259. And see McCubbin v. Hastings, 27 La. An. 713, 715.

Defendant has called our attention to the only authorities inconsistent, or apparently inconsistent, with this view which we have been able to find. The first of these is Louisville v. McElwain, 98 Ky. 700, 34 S. W. 236, 34 L. R. A. 788, 56 Am. St. 385. It was there held that the recovery under the Kentucky statute by the personal representative of a wife, whose death had resulted from injuries received through the negligence of a railroad company or its employees, bars an action by the husband to recover damages for loss of the wife's society from the time the injuries were inflicted until her death. The Kentucky statute involved is G. S. 1888 (Bullitt & Feland) p. 774, c. 57, § 1. It reads as follows:

> If the life of any person not in the employment of a railroad company shall be lost in this commonwealth by reason of the negligence or carelessness of the proprietor or proprietors of any railroad, or by the unfitness, or negligence, or carelessness, of their servants or agents, the personal representative of the person whose life is so lost may institute suit and recover damages in the same manner that the person himself might have done for any injury where death did not ensue.

This statute is entirely different from the ordinary provision, in force in this state, which makes possible recovery measured by reasonable expectation of pecuniary benefit. The court at one place in its opinion in this case points out that the recovery under this statute goes to the estate of the decedent; at another says: "The husband, under the statute, would take the entire amount recovered subject to the debts of decedent. It was greatly to the advantage of the husband to enjoy the statutory rights, instead of those which formerly existed. Therefore it cannot be said that the statute diminished the rights of the husband. We cannot believe that the general assembly intended that the personal representative should maintain an action for the death of the wife, practically for the husband's benefit, and allow at the same time the husband to maintain one on his own account for the same acts or negligence." In this state, as in many states, the husband did not receive the benefit of the statutory action,

the proceeds of which went only to the widow or next of kin. That the difference in the statutes is a sufficient reason for distinguishing the Kentucky case will more certainly appear from the consideration of other adjudications on this subject by the same court. See Lewis v. Taylor, 23 Ky. L. R. 2218, 66 S. W. 1044, 57 L. R. A. 447; Cincinnati v. Cook, 23 Ky. L. R. 2410, 67 S. W. 383; Louisville v. Will, 23 Ky. L. R. 1961, 66 S. W. 628; Illinois v. Stith, 27 Ky. L. R. 596, 85 S. W. 1173, 1 L. R. A. (N. S.) 1014; Trotta v. Johnson, 28 Ky. L. R. 851, 90 S. W. 540. Cf. Gregory v. Illinois, 26 Ky. L. R. 76, 80 S. W. 795.

The other case on which defendant relies is Lubrano v. Atlantic, 19 R. I. 129, 32 Atl. 205, 34 L. R. A. 797. The question there submitted was "whether under our [the Rhode Island] statutes an administrator has the right to maintain two actions for negligence resulting in death, one for the benefit of the widow and next of kin, according to our form of Lord Campbell's act, and another for the damage to the person under our statute for the survival of actions." That the action by the administrator as trustee for the next of kin was exclusive, because the action by the administrator barred the action for damage to the person, is obviously no reason why it should bar an action by the husband to recover for services, society, and the like.

2. Defendant also argues this question: "Can the administrator of the estate of the deceased give the statutory consent for a physician to make the disclosure?" It has been determined in this court that he can. Olson v. Court of Honor, 100 Minn. 117, 124, 110 N. W. 374, 8 L. R. A. (N. S.) 521. In the present case, however, it was not the administrator, but the husband of the deceased, who was the plaintiff. The husband was not within the letter of the decision just referred to; nor was the privilege in the case at bar waived in the protection of an interest claimed by or under the administrator. No objection to the incompetency of the evidence, under section 4660, R. L. 1905, was, however, raised until the doctor had given considerable testimony. The natural inference from the history of the case is that the objection argued to the court below was the same as argued here, viz., that the administrator could not waive the privilege.

Plaintiff's theory as to the right of the husband to waive rests in part upon the proposition that when the privilege has once been waived and the information has been published, it cannot again be hidden or concealed. McKinney v. Grand Street, 104 N. Y. 352, 10 N. E. 544. It appeared in the trial court that the administrator had recovered a verdict for damages inflicted upon the wife; but it was not shown that the physician had testified in that trial, as here.

Apart, however, from the doubt whether the real controversy was litigated, the question arises whether the alleged error was prejudicial. In so far as the testimony tended to show the extent of the wife's injuries, it did not prejudice the defendant because they were not in issue. In so far as that testimony tended to show that the damages were proximately caused by defendant's negligence, its admission was not prejudicial. No question as to whether the damages were proximate is raised or argued by defendant under its assignments of error. In so far as that testimony was addressed to the general character of the physician's subsequent services and their value, it was not in violation of the statutory privilege. In view of the condition of this particular record, no reversible error appears on this point.

3. The only objection raised on the subject of damages is that the instruction given did not correctly state the measure of damages and that the verdict was excessive. The charge of the court with entire propriety restricted the plaintiff's recovery to the time between his wife's injury and her death, and allowed recovery only for loss of services and society and the amount necessarily expended for medical attendance, medicines, and hospital fees for the wife. As against these objections, we think the charge contained no reversible error. No consideration has been pointed out to necessitate the conclusion, under the familiar rule on that subject, that damages were excessive.

Affirmed.

On April 10, 1908, the following opinion was filed:

PER CURIAM.

In its application for a reargument, defendant calls attention to the fact that the injury to the wife in this case, and her death, occurred

after the Revised Laws of 1905 had gone into effect, and that the court was under a misapprehension of fact in assuming that section 5913, G. S. 1894, applied. Under that section the damages recoverable in an action for death by wrongful act were "for the exclusive benefit of the widow and next of kin." Section 4503, R. L. 1905, provides in this regard that "such damages shall be for the exclusive benefit of the surviving spouse and next of kin." The difference in the statutes does not, however, we have concluded, affect the conclusion originally reached in this case. The action by the husband per quod servitium here in controversy originates at a time, and seeks the recovery of damages, essentially different from that involved in the local Lord Campbell's act. It is based on facts independent of the death of the wife, which is an essential prerequisite to the action under the statute.

Other questions raised by the petition have been considered and held not sufficient to justify granting a reargument.

Motion denied.