## J. Bradbury, Plaintiff in Error, v. H. B. Humphrey, Defendant in Error.

### Gen. No. 15,542.

RES JUDICATA—*what judgment is.* In an action by a father to recover for medical expenses, etc., incurred by him in seeking to effect a cure of his infant child who has sustained personal injuries, a judg-

ment rendered in an action by such child against the same defendant is *res judicata* so far as there is identity of issue.

Error to the Municipal Court of Chicago; the Hon. JUDSON F. GOING, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded. Opinion filed June 16, 1911. . Rehearing denied June 27, 1911.

DWIGHT D. ROOT, for plaintiff in error.

J. F. DAMMANN, JR., for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

Thomas Bradbury was injured by the negligence of H. B. Humphrey, the defendant in error. He brought action by his father, J. Bradbury, as his next friend, in the Municipal Court of the city of Chicago for such injuries and obtained . judgment thereon. .In that action the element of the liability incurred for, or the moneys paid to the physician for attending upon his injuries was excluded, and it was held by the trial court that Thomas Bradbury had no right to recover for the medical services rendered to him. Thereupon J. Bradbury, the plaintiff in error, brought this action in the Municipal Court to recover against H. B. Humphrey, the defendant and appellee here, for such medical services, claiming that inasmuch as the son did not recover for those services in the action brought by him, the plaintiff, and appellant in this action, had the right to sue the defendant for the value of the doctor's services.

On the trial of this case in the court below, the plaintiff sought to introduce the judgment in favor of his son and against the defendant in error in evidence on the ground that that judgment was *res adjudicata* of the negligence of the defendant, and want of contributory negligence on the part of Thomas Bradbury. The trial court held that the record was not admissible and was not *res adjudicata* as to any of the issues in the present case, and excluded the proffered evidence. The plaintiff below did not attempt to make any other

proof of the liability of the defendant for the services rendered, except that plaintiff was not with the boy when he was injured, and judgment was accordingly entered in the court below for the defendant. The case is brought here by appeal, and it is urged that the court below erred in excluding the judgment record in favor of the son in this action; that it was *res adjudicata* as to all matters tried in that case, namely, the negligence of the defendant, and the want of contributory negligence on the part of the boy.

The issues in the two actions are not identical. In the boy's case there was an issue of the negligence of the defendant and an issue of contributory negligence on the part of the boy. In the case now before us, there are three issues, namely, the negligence of the defendant, the issue of the contributory negligence of the boy, and the lack of contributory negligence of the father. Chicago City Ry. Co. v. Wilcox, 138 Ill. 370. The parties are not the same in the two cases, but the issues as to the negligence of the defendant, and the lack of contributory negligence of the son were the same. We are of the opinion that the record in the case of Thomas Bradbury v. H. B. Humphrey was competent evidence on those issues on the authority of Hanna v. Read, 102 Ill. 596. The evidence was erroneously excluded, and the judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*