(No. 26650.—

WILLIAM T. HANSON, Appellee, *vs.* TRUST COMPANY OF CHICAGO, Admr., Appellant.

*Opinion filed September 21, 1942.*

SAMUEL LEVIN, for appellant.

C. D. JONES, for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

Plaintiff-appellee, William T. Hanson, recovered a verdict and judgment in the superior court of Cook county for $2000 against the estate of Edward Maskell. It was to cover damages for personal injuries sustained by him when the automobile in which he was a passenger collided with the automobile driven by the deceased, Edward Maskell. The Appellate Court affirmed the judgment and leave to appeal was granted.

· The only question on this appeal is as to the giving of a peremptory instruction which omitted the requirement of law that before a plaintiff can recover the jury must find from the evidence that he was in the exercise of due care for his own safety.

The accident occurred at an intersection of two streets in the city of Chicago, where the traffic was moved by stop and go lights. There is a conflict in the evidence as to whether the car in which plaintiff was riding or the car driven by Maskell had the right of way. Plaintiff's evidence tends to prove that the Maskell car approached the intersection at an excessive rate of speed and drove into it without stopping, at a time when the traffic light

was against it. Defendant-appellant's evidence tends to prove the car in which plaintiff was riding drove into the intersection without stopping when the signal lights were against it.

The Appellate Court found that the verdict of the jury on the question of negligence was not against the manifest weight of the evidence and concluded that the instruction in question, although erroneous, was cured by the giving of other instructions which contained a full statement as to the law of due care.

The instruction was as follows: "The jury are instructed if they find from the evidence in this case that the intersection of Belmont Avenue and Narragansett Avenue in the City of Chicago on the 21st day of May, 1939, was guarded by stop and go light; and if you further find that said lights aforesaid were in operation at the time of the occurrence herein sued on; and if you further find that at and immediately before the time of the occurrence herein complained about, the light was red as against the passage of the automobile of the defendant's intestate when he reached Belmont Avenue; and if you further find that the defendant's intestate, the driver of the car, was negligent in crossing Belmont Avenue against the red light, if you find that such was the case; and if you further find that in crossing against the red light that the defendant's intestate was the proximate cause of the injury to the plaintiff, then and in such an event you are instructed that the plaintiff may recover in this case, and you should find for the plaintiff."

The effect of the instruction was to tell the jury that if they found from the evidence that the matters stated in the instruction had been proven, then they should find for the plaintiff and this without regard to what the evidence showed as to plaintiff's exercise of due care.

It is elementary that where an instruction directs a verdict, all the elements necessary to sustain such a verdict must be contained in the instruction. (*O'Day* v. *Crabb,*

269 Ill. 123; *Illinois Central Railroad Co.* v. *Smith,* 208 id. 608; *Pardridge* v. *Cutler,* 168 id. 504; *Illinois Iron and Metal Co.* v. *Weber,* 196 id. 526.) It was incumbent upon plaintiff to allege and prove that he was in the exercise of due care for his own safety at the time of the accident, (*Dee* v. *City of Peru,* 343 Ill. 36; *Carson, Pirie, Scott & Co.* v. *Chicago Railways Co.* 309 id. 346; *Illinois Central Railroad Co.* v. *Oswald,* 338 id. 270;) and in omitting to state this essential element of the plaintiff's case in the peremptory instruction, it was error to give it.

Plaintiff contends that the vice of the instruction was cured by other instructions when they are considered as a series. It is well established that the law applicable to different questions may be stated in separate instructions and that the entire law applicable to all the questions involved in the case need not be stated in each. In such cases, they supplement each other and if they fairly present the law of the case when considered as a series, it is deemed sufficient. But the rule is different where an instruction directs a verdict for either party or amounts to such a direction, then in such case it must necessarily contain all the facts which will authorize the verdict directed. (*Ratner* v. *Chicago City Railway Co.* 233 Ill. 169; *Illinois Central Railroad Co.* v. *Smith, supra; Pardridge* v. *Cutler, supra.*) When a peremptory instruction omits a fact or circumstance essential to recovery, the law is that such error in the instruction cannot be cured by any other instruction in the series of instructions. *Cantwell* v. *Harding,* 249 Ill. 354; *Cromer* v. *Borders Coal Co.* 246 id. 451; *Illinois Iron and Metal Co.* v. *Weber, supra.*

In making the contention that the error in the instruction was cured by other instructions given, plaintiff relies upon cases such as *Minnis* v. *Friend,* 360 Ill. 328, and *People* v. *Falley,* 366 id. 545, where it was held that no instruction need state all the law in a case but that it was sufficient if the instructions, when taken as a series, correctly advised the jury as to the law applicable to the case.

The distinction between the instructions involved in those cases and the one in the instant case is that this directs a verdict while the others do not.

Plaintiff seeks to invoke the rule that a party can not complain of an error in an instruction if instructions given at his request contain the same error. The application of the rule is limited to those cases where the instruction complained of and the ones with which it is compared refer to the same principle of law based upon the same assumption of facts and containing the same error. The instructions given for defendant which are urged in comparison are not the same. One of them refers to the negligence of Edward Maskell, defendant's intestate, and told the jury that the burden was on the plaintiff to prove his negligence by a preponderance of the evidence and if it was not done, they should find the defendant not guilty. The other instruction is based upon the assumption that if the evidence shows the driver of the automobile in which plaintiff was riding was negligent in driving into the intersection at a time when the signal lights were against him and that such negligence was the proximate cause of plaintiff's injuries, then they should find the defendant not guilty. It will be observed that each of these instructions referred to a single element pertaining to plaintiff's cause of action and directed that failure to prove it defeated plaintiff's right of recovery, and that under such circumstances they should find the defendant not guilty. On the other hand, the instruction complained of undertook to state all the elements necessary to be proven to entitle plaintiff to a verdict, but it omitted the essential element of proof of due care. The rule sought to be invoked by plaintiff has no application under such circumstances.

For the reasons assigned the judgments of the Appellate Court and of the superior court are reversed and the cause is remanded to the superior court for a new trial.

*Reversed and remanded.*