John Prater, Appellant, v. Frank Buell, Appellee.

Gen. No. 9,615.

Opinion filed February 28, 1949. Released for publication March 28, 1949.

ACTON, ACTON, BALDWIN & BOOKWALTER, of Danville, for appellant; H. H. ACTON and JOHN M. BOOKWALTER, both of Danville, of counsel.

A. L. VOLLBORN, BOOKWALTER, CARTER & GUNN and V. W. McINTIRE, all of Danville, for appellee; A. L. VOLLBORN, ROBERT Z. HICKMAN and V. W. McINTIRE, all of Danville, of counsel.

Mr. Justice Wheat delivered the opinion of the court.

This is an appeal from an order dismissing plaintiff's amended complaint and entering judgment in favor of defendant. By the amended complaint, damages were sought for injuries resulting from the alleged wilful and wanton misconduct of defendant, which amended complaint substantially charged as follows: On December 2, 1946, and prior thereto, the defendant operated a farm whereon he owned a dairy herd consisting of numerous cows and one bull; that plaintiff was employed on the farm; that on many occasions prior to December 2, 1946, many persons, including the plaintiff, had requested the defendant to dehorn the bull to lessen the danger of harm and injury; that defendant wilfully and wantonly refused so to do but on the contrary thereafter did wilfully and wantonly, with utter disregard for the life and safety of plaintiff, tease, annoy, bait, beat, mistreat, and aggravate said bull by repeatedly and without warning, shoot, pester, and annoy such bull by means of a sling-shot and rocks kept by defendant in a bucket near the barn door, and by repeatedly and maliciously fastening a large seat cushion spring onto the horns and by infuriating and aggravating the bull by beating and punching with a board. It was further charged that defendant performed other acts, which, singly and together, greatly increased the vicious propensities and dangerous nature of such bull, and greatly increased the danger to the life and safety of the plaintiff, said defendant knowing at all times that the plaintiff in the performance of his duties as such employee would be required to place himself in close proximity to said bull without protection from the danger of attack. It is further charged that as a direct and proximate result of defendant's misconduct, and in disregard for plaintiff's life and safety, said bull became wild, vicious, mean, deceitful, and dangerous, all of

which was known to defendant, so that on December 2, 1946, said bull did suddenly and without warning, attack and seriously gore with its horns the plaintiff, while he was bringing the herd into the barn pursuant to and in compliance with the specific orders and directions of the defendant, and, that as a result, plaintiff was injured, by reason of which he suffered the amputation of his right leg, and internal injuries accompanied by physical pain, and the necessary expenditures of large sums of money for medical treatment, resulting in permanent injuries, preventing him from engaging in gainful employment.

The amended complaint attempts to charge the defendant with wilful and wanton misconduct. Defendant's motion to dismiss was sustained and plaintiff suffered judgment by default on his refusal to plead further. Of the reasons assigned in the motion, only one need be considered: Must the amended complaint properly allege plaintiff's freedom from contributory wilful and wanton misconduct in order to state a cause of action?

It is settled that freedom from contributory negligence, that is, the exercise of due care, is an essential allegation in the usual negligence action. (*Hanson v. Trust Co. of Chicago,* 380 Ill. 194.) The reason assigned is that no one shall be permitted to profit from a wrong to which he contributed. (*Hazel v. Hoopeston-Danville Motor Bus Co.,* 310 Ill. 38.)

It is also settled that a contributory wilful and wanton misconduct, if established, is a complete defense to an action charging the same wrong. (*Willgeroth v. Maddox,* 281 Ill. App. 480; *Gavurnik v. Miller,* 283 Ill. App. 472; *Adolphson v. Russell,* 303 Ill. App. 225; *McGoorty v. Benhart,* 305 Ill. App. 458; *Walsh v. Gazin,* 316 Ill. App. 311.)

No case coming to our attention has adjudicated the question of burden of proof, but the reasoning of the *Willgeroth* case, *supra,* is relevant. There defendant

plead contributory wilful and wanton misconduct as a separate defense so that the problem of burden of allegation and proof was not directly before the court. However, the court reached the conclusion that the defense was good for the same reason as the analogous defense of contributory negligence in a negligence case. More important still is the result of the case with precise reference to the facts: Plaintiff and defendant were both personal representatives of two motorists who were alone in the car when it ran into a train. Clearly, no one knows what was said by the passenger to the driver concerning the oncoming train. One of the crew testified that both men were looking away from the train just before the crash but the witness could not and did not purport to know if they were talking, and certainly could not exclude the possibility that the passenger had warned the driver most vehemently and positively. Plaintiff's judgment was reversed; the fact that it was remanded is unimportant, for the plaintiff was left with nothing to present for a retrial and no possibility of getting to the jury without violating the directions of the opinion. Thus we have a case where there was a complete absence of proof as to a critical fact so that the result obtained, the reversal of plaintiff's judgment, is consistent only with the theory that plaintiff has the burden of pleading and proof. And this seems to be a proper result in view of the announced reason for the established requirement in the negligence cases. If one may not recover for his own wrong or for a wrong to which he has contributed, then it seems clear that we must reach the same conclusion as to the burden of pleading and proof, whether the wrong in question be called by one name or another.

This court therefore holds that in a complaint charging defendant with wilful and wanton misconduct, it is essential that the plaintiff properly allege his freedom from contributory wilful and wanton

misconduct. This may be done by an express aver-ment or by allegations equivalent thereto. An exam-ination of the amended complaint shows neither an allegation of plaintiff's freedom from contributory wil-ful and wanton misconduct nor statements of fact from which this might appear, by reason of which the trial court did not err in dismissing the action.

The judgment of the circuit court is affirmed.

*Affirmed.*