John ELMORE (Plaintiff), Appellant,

v.

ILLINOIS TERMINAL RAILROAD COMPANY, a Corporation (Defendant), Respondent.

No. 29405.

St. Louis Court of Appeals.

Missouri.

April 2, 1957.

Glennon T. Moran, St. Louis, Moran & Beatty, Granite City, Ill., of counsel, for appellant.

Ely, Ely & Voorhees, Robert C. Ely, St. Louis, for respondent.

HOUSER, Commissioner.

This is a husband's suit for loss of services of his wife. Mabel Elmore fell while alighting from a bus operated by defendant. Her husband John Elmore alleged in his petition that in so doing his wife sustained severe and permanent injuries by reason of which she was prevented from performing her ordinary domestic and household duties; that he had been deprived of her services, society and companionship and caused to expend sums for medical expenses. A trial jury awarded plaintiff $4,000. The Circuit Court of the City of St. Louis entered an order sustaining defendant's motion for a new trial for error in the giving of Instruction No. 8 on the measure of damages. Plaintiff has appealed from that order.

Whether No. 8 improperly allows a double recovery is debatable. We prefer to rest our decision on another ground. Defendant's motion for a new trial assigned as error the giving of Instruction No. 1. The charge of error was general. Defendant, therefore, is in a position to challenge the correctness of that instruction. White v. St. Louis Public Service Co., 364 Mo. 111, 259 S.W.2d 795. If the order of the circuit court sustaining defendant's motion for a new trial was properly entered it must be affirmed regardless of the reason given for the action taken. Defendant says that Instruction No. 1, plaintiff's main verdict-directing instruction, is erroneous because it required no finding that plaintiff's wife was in the exercise of due care for her own safety in alighting from the bus. In our opinion the point is well taken.

The accident having occurred in Illinois the law of that state governs as to substantive matters. Rhyne v. Thompson, Mo.Sup., 284 S.W.2d 553; Redick v. M. B. Thomas Auto Sales, 364 Mo. 1174, 273 S.W.2d 228, and cases cited loc. cit. 233. Under the law of Illinois it is incumbent upon a plaintiff, suing for his own personal injuries, to allege and prove that he was in the exercise of ordinary care for his own safety at the time of the accident, Hanson v. Trust Co. of Chicago, 380 Ill. 194, 43 N.E.2d 931; Prater v. Buell, 336 Ill.App. 533, 84 N.E.2d 676; Newell v. Cleveland, C. C. & St. L. R. Co., 261 Ill. 505, 104 N.E. 223, and it is error to omit this essential element of plaintiff's case in the verdict-directing instruction. Hanson v. Trust Co. of Chicago, supra. This principle has been applied in a suit by a husband for damages for injuries to his wife arising out of an automobile accident. In Durbin v. McCully, 280 Ill.App. 81, it was held that a husband's declaration did not state a cause of action because it omitted to allege the essential averment of due care on the part of his wife. It follows that Instruction No. 1, in failing to require a finding of due care on the part of plaintiff's wife, was erroneous.

Plaintiff answers that if there was any error in No. 1 it was cured by defendant's Instructions Nos. 2 and 3 in which the jury was instructed that plaintiff could not recover if his wife was guilty

of contributory negligence, and that the burden was on plaintiff to show that plaintiff's wife was exercising reasonable care for her own safety. It is established law in this jurisdiction that the vice of a peremptory verdict-directing instruction for plaintiff omitting an element essential to plaintiff's right of recovery cannot be cured by a proper instruction given for defendant covering that element. A peremptory verdict-directing instruction must contain all of the facts necessary to the rendition of a verdict for plaintiff and must be complete within itself. It cannot be cured by any other instruction in the series of instructions given. Heigold v. United Rys. Co. of St. Louis, 308 Mo. 142, 271 S.W. 773; State ex rel. Long v. Ellison, 272 Mo. 571, 199 S.W. 984; Banta v. Union Pac. R. Co., 362 Mo. 421, 242 S.W.2d 34; Major v. Berg, Mo.App., 95 S.W.2d 861. The same rule obtains in Illinois. Hanson v. Trust Co. of Chicago, supra, and cases cited 380 Ill. loc. cit. 197, 43 N.E.2d 931; Duffy v. Cortesi, 2 Ill.2d 511, 119 N.E.2d 241.

Plaintiff contends that in Illinois a wife's contributory negligence does not bar a husband's suit for loss of services, citing and relying heavily on Monken v. Baltimore & O. R. Co., 342 Ill.App. 1, 95 N.E.2d 130. In that case Ellen Monken, while driving her husband's automobile, was injured in a collision with a railroad train. Both she and her husband Earl joined in a suit against the railroad. Judgment was rendered in favor of both plaintiffs, for Ellen for $15,000 for personal injuries and for Earl for $2,500 for the loss of his automobile and the loss of services of his wife. On appeal the Appellate Court of Illinois, Fourth District, reversed the judgment for Ellen, holding that she was guilty of contributory negligence as a matter of law, saying that, 95 N.E.2d loc. cit. 133: "As to the judgment in favor of the plaintiff, Earl Monken, however, the situation is not the same. The negligence of the plaintiff, Ellen Monken, could not be imputed to her husband, Earl Monken. Gaffney v. City of

Dixon, 157 Ill.App. 589." The court further held that it was proper to refuse an instruction that Earl was responsible for Ellen's acts and that if Ellen contributed to the injuries in question that would prevent Earl from recovering, the court saying, 95 N.E.2d loc. cit. 134: "The giving of such instruction would have been improper since it would have stated specifically that the negligence of Ellen Monken would have been imputed to Earl Monken. Since there was no evidence of a master and servant relationship this would have been improper under the law. Palmer v. Miller, 380 Ill. 256, 43 N.E.2d 973; Johnson v. Turner, 319 Ill.App. 265, 49 N.E.2d 297." We think that in referring to the doctrine of imputed negligence the writer of the Monken opinion had in mind the claim of Earl for damages to his automobile and not his claim for loss of services of his wife. The cases cited in the opinion so indicate. None of them is a loss of services case. The case was not submitted on the theory that a loss of services action is any different from an ordinary negligence action insofar as the submission of the question of due care is concerned. The opinion cannot properly be construed to announce a rule inconsistent with the well established rule that a husband's right to recover for loss of services of his wife is derivative only, so that if she has no valid claim for personal injuries he is likewise without right to recover special damages flowing therefrom. Haverkost v. Sears, Roebuck & Co., Mo.App., 193 S.W. 2d 357; Peters v. Bodin, 242 Minn. 489, 65 N.W.2d 917; Mageau v. Great Northern Ry. Co., 103 Minn. 290, 115 N.W. 651, 946, 15 L.R.A.,N.S., 511; Libaire v. Minneapolis & St. L. R. Co., 113 Minn. 517, 130 N.W. 8; Callies v. Reliance Laundry Co., 188 Wis. 376, 206 N.W. 198, 42 A.L.R. 712; Chicago, B. & Q. R. Co. v. Honey, 8 Cir., 63 F. 39, 12 C.C.A. 190, 26 L.R.A. 42; Restatement, Torts, § 494; 27 Am. Jur., Husband and Wife, § 507; 41 C.J.S., Husband and Wife, § 401, p. 895. Illinois follows this rule. In Clark v. Carson Pirie Scott & Co., 340 Ill.App. 260, loc. cit. 266,

48

91 N.E.2d 452, loc. cit. 455, the court said: "Having determined that plaintiff, Viola Clark, could not recover, it follows that the husband could not recover for alleged expenditures by him, and the court correctly denied his motion for new trial and entered judgment on the verdict."

The Illinois requirement that in a husband's suit for loss of services the plaintiff must allege, prove and submit the elemental fact that his wife was in the exercise of due care for her own safety at the time of the accident is substantive and not procedural. O'Leary v. Illinois Terminal Railroad Company, (en Banc), Mo.Sup., 299 S.W.2d 873; Gerhard, Adm'r v. Terminal Railroad Association of St. Louis, (en Banc), Mo.Sup., 299 S.W.2d 866; Redick v. M. B. Thomas Auto Sales, supra; Andra v. St. Louis Fire Door Company, Mo.Sup., 287 S.W.2d 816. The trial court committed reversible error in giving verdict-directing Instruction No. 1, which omitted this element essential to plaintiff's right to recover.

Plaintiff contends that any error in Instruction No. 1 is immaterial since all questions of negligence and contributory negligence have been decided in favor of plaintiff and against defendant by estoppel by verdict or the doctrine of res judicata in that plaintiff's wife sued, recovered judgment and received satisfaction of judgment in the Circuit Court of the City of St. Louis for her personal injuries. Plaintiff cites several Illinois cases on estoppel by verdict: Bradbury v. Humphrey, 162 Ill.App. 434; Charles E. Harding Co. v. Harding, 352 Ill. 417, 186 N.E. 152, 88 A.L.R. 563; Heitz v. Hersheway, 3 Ill.App.2d 221, 121 N.E.2d 335. This contention cannot be sustained. The Illinois cases are not applicable. The validity, force and effect of a judgment must be determined by the laws of the state where it was rendered. 49 C.J.S., Judgments, § 14, p. 41. Estoppel by verdict or res judicata is a procedural matter governed by the law of the forum. In Mis-

souri an adjudication of the issues of negligence and contributory negligence in a wife's suit for personal injuries is not res judicata on those issues in a subsequent suit by the husband for loss of services arising out of the same accident. Womach v. City of St. Joseph, 201 Mo. 467, 100 S.W. 443, 10 L.R.A.,N.S., 140; Canterbury v. Kansas City, 130 Mo.App. 1, 108 S.W. 574.

The Commissioner recommends that the judgment be affirmed and the cause remanded for a new trial. On a new trial the alleged shortcomings of Instruction No. 8 and the error of Instruction No. 1 can be remedied.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The judgment of the circuit court is, accordingly, affirmed and the cause remanded for a new trial.

RUDDY, P. J., ANDERSON, J., and NOAH WEINSTEIN, Special Judge, concur.