Robert ANDERSON, Plaintiff-Appellant,

v.

Robert DUCKWORTH and Henry Ward Wood, d/b/a Duckworth and Wood Livestock Haulers, Defendants-Respondents.

No. 50614.

Supreme Court of Missouri,

Division No. 1.

Nov. 9, 1964.

Bond & Dominique, John O. Bond, P. Pierre Dominique, Jefferson City, for plaintiff-appellant.

Routh & Turley, Dewey Routh, Rolla, for defendants-respondents.

HYDE, Presiding Judge.

Action for $25,000.00 for personal injuries; verdict and judgment for defendants from which plaintiff has appealed. Plaintiff assigns as error permitting prejudicial argument by defendants' counsel and giving two instructions at request of defendants

Plaintiff was injured in a collision between the Rambler automobile he was driving and defendants' tractor-trailer. The collision occurred in Illinois on U. S. Highways 54 and 36, running together east and west, straight, level and 22 feet wide, about 1:00 P.M., about two miles west of the town of New Berlin. The weather was clear, the highway was dry, and visibility was good. Defendant Duckworth, hereinafter referred to as defendant, was driving the tractor-trailer west followed by a bread truck and another truck driven by his partner, Henry W. Wood. Plaintiff was driving east and estimated his speed at 55 to 60 miles per hour. The speed limit for cars was 65 miles per hour. Defendant was driving west but intended to turn to the south on a road to a nearby grain elevator, which ran to the southwest at an angle from the highway estimated at 45 to 50 degrees. Defendant said this was a cross road, running also to the north. Defendant said he was traveling 50 miles per hour, the speed limit for trucks, when he saw plaintiff a quarter of a mile away. He slowed to about 15 miles per hour approaching the side road and turned left across the eastbound lane of the highway to go into it. Defendant estimated plaintiff was 400 feet away when he started to turn but could not estimate plaintiff's speed. Plaintiff's estimate was that he was 300 feet away. Defendant said his signal lights were working and that he turned

them on when he went to make this turn. Defendants' tractor-trailer was 50 feet long, weighed 23,000 pounds empty and was 11 feet 5 inches high. Plaintiff's car struck the back part of the trailer after making skid marks 129 feet long. Defendant said, when he heard plaintiff's car brakes squealing, plaintiff's car was about 150 feet from him. Plaintiff estimated his car was going about 20 to 25 miles per hour when it struck the trailer. The south shoulder was only about two feet wide and there was a drainage canal there. Plaintiff had been driving more than five hours without a stop. A photograph showing the damage to plaintiff's car was in evidence.

■ Plaintiff's contentions as to the instructions, which submitted excessive speed of plaintiff as contributory negligence, are that there was no evidence to support the submission of this issue and that they failed to hypothesize sufficient facts. This latter contention is without merit. Instruction D-A hypothesized the approach of the vehicles involved, defendant's action in making the left turn, plaintiff's collision with the rear part of the trailer and "that in approaching the trailer-truck as it was crossing the eastbound lane of said highway, plaintiff Anderson was operating his said automobile at a speed that was excessive and dangerous under the circumstances then and there existing, if so, and that in so operating said automobile Anderson was negligent" and that said negligence "directly contributed to cause" the collision and injury to plaintiff. Excessive speed, negligence, causation and injury have been held to be a proper basis for such a verdict-directing instruction. Knight v. Richey, 363 Mo. 293, 250 S.W.2d 972, 977; Shepard v. Harris, Mo.Sup., 329 S.W.2d 1, 7; Brooks v. Mock, Mo.Sup., 330 S.W.2d 759, 765. Instruction D-B referred to the other instructions for acts of negligence of both parties and informed the jury if they found "that both Anderson and Duckworth were guilty of negligence, and that such joint negligence directly caused the collision,

then your verdict must be for the defendants, Duckworth and Wood."

The serious question is whether there was any evidence that plaintiff was driving at excessive speed. Plaintiff cites Pitts v. Garner, Mo.Sup., 321 S.W.2d 509, 516, in which we considered speed of 50 to 55 miles per hour at night on a well maintained concrete interstate highway by a car in good mechanical condition, there being no posted limit as to safe operating speed shown and the speed not exceeding any statutory speed limit. However, that was not a case tried with a jury as here, review therein being on the whole record under Rule 73.01(d), V.A.M.R. and our conclusion was "that it has not been satisfactorily demonstrated that Vernon was negligent by reason of excessive speed." We said: "The question for decision here is not, as in the usual automobile collision case, whether plaintiff made a submissible case, or whether a submission of negligence in an instruction is supported by the evidence, * * *. The issue of liability in this case is not to be confused with the issue of submissibility." In this case the issue is submissibility.

██ This case is similar to Russell v. Kotsch, Mo.Sup., 336 S.W.2d 405, 1. c. 409, likewise a left turn case, where we said: "In the case before us plaintiff testified that he was going from 50 to 58 m. p. h. However, although going up a slight grade, there is evidence that plaintiff's car laid down skid marks for 111 feet and was still going with such force at the time of the collision that it knocked defendant's car for a distance of approximately 60 feet." In this case, plaintiff estimated his speed at 55 to 60 miles per hour, laid down skid marks of 129 feet on a level highway and still was going 20 to 25 miles per hour when his car struck the trailer. In the Russell case (336 S.W.2d 1. c. 409) we held: "The evidence was sufficient to reasonably warrant a jury finding of excessive speed." Excessive speed is not required to be shown by direct testimony but may be proved by

circumstances. Lyon v. Southard, Mo.Sup., 323 S.W.2d 785; Steele v. Goosen, Mo.Sup., 329 S.W.2d 703; see also Kitchen v. Wilson, Mo.Sup., 335 S.W.2d 38, 45; Brooks v. Mock, Mo.Sup., 330 S.W.2d 759, 766; Ritchie v. Burton, Mo.App., 292 S.W.2d 599, 604; Wood v. Claussen, Mo.App., 207 S.W.2d 802, 808. Plaintiff was approaching a cross road and nearing a town. The jury was not required to accept plaintiff's estimate of his speed in view of the physical facts. Our conclusion is that the submission of excessive speed was supported by substantial evidence.

Plaintiff's assignment of permitting prejudicial argument is based on the following statements and ruling:

"MR. DECKER: * * * Now, ladies and gentlemen, if you find and believe from the evidence that Mr. Anderson was guilty of negligence which contributed to cause this accident, then he is not entitled to recover. Now, you're sworn to try the—try this lawsuit on the facts and on the evidence, or on the—on the law that the Judge gives you, and the Judge tells you that this is not a case of who was most at fault or not most at fault. If he was one degree negligent—

"MR. BOND: I object to that.

"MR. DECKER: —and—

"MR. BOND: That is not the law. That's an improper statement.

"THE COURT: Well, he didn't finish. He said 'and'.

"MR. DECKER: All right. If he was one degree negligent in the respects as set forth in these instructions, and if that operated to contribute to cause this accident, then you are obligated, under the law of the State of Illinois, to return a verdict for the defendant.

"MR. BOND: I object to the remark that 'if he was one degree negligent and it contributed he cannot recover,' because this is an outright misstatement of the law and the jury should be so advised.

"THE COURT: Well, the instruction which was read to the jury and which they'll take with them covers that thing. They can read that. That's what they're guided by and not by the arguments of the counsel.

"MR. DECKER: The issue in this lawsuit is not whether Mr. Duckworth was negligent or not negligent as far as our defense is concerned. Our defense is that this accident could have been avoided had it not been for the negligent operation of Mr. Anderson's car. * * *"

■ No further action by the court was requested and defendant's counsel went on to explain his defense of contributory negligence without reference to degrees of negligence. Plaintiff cites Waldrip v. American Buslines, Inc., Mo.Sup., 327 S. W.2d 211, 217; Danner v. Weinreich, Mo. Sup., 323 S.W.2d 746, 751; Howard v. Scarritt Estate Company, 267 Mo. 398, 402, 184 S.W. 1144; Murray v. DeLuxe Motor Stages of Illinois, Mo.App., 133 S.W.2d 1074, 1078. All of these are cases holding instructions given by the court to be erroneous because stating that negligence however slight or contributing in any degree was sufficient for the defense of contributory negligence. However, the court gave no such instruction in this case and when objection was made to defendant's counsel's statement, which was incorrect, the court did not approve the statement but told the jury they were not to be guided by it but by the court's instructions.

Plaintiff says "nowhere in the instructions was there any guide to aid the jury." The portions of Instructions D-A and D-B, hereinabove set out, show that a finding of negligence of plaintiff was required without any reference to degrees. Furthermore these instructions required a finding that negligence of plaintiff "*directly* contributed to cause" the collision. Moreover, at plaintiff's request the court gave Instruction P-4 stating "that the burden of proof is upon the defendants to establish contributory negligence on the part of the plaintiff, as

set forth in Instruction No. D-A and D-B, by a preponderance, that is to say, by the greater weight of the credible evidence in the case." This was more favorable than plaintiff was entitled to have because under the law of Illinois, applicable in this case, plaintiff had the burden of proving his freedom from contributory negligence. Bean v. Ross Manufacturing Co., Mo.Sup. Banc, 344 S.W.2d 18, 26; O'Leary v. Illinois Terminal Railroad Co., Mo.Sup. Banc, 299 S.W.2d 873, 877; Redick v. M. B. Thomas Auto Sales, Inc., 364 Mo. 1174, 273 S.W.2d 228, 232–235; Hanson v. Trust Co. of Chicago, 380 Ill. 194, 43 N.E.2d 931, 933; Genck v. McGeath, 9 Ill.App.2d 145, 132 N.E.2d 437, 441. We, therefore, hold there was no prejudicial error in the ruling of the court concerning the argument of defendant's counsel.

The judgment is affirmed.

All concur.