CHICAGO, B. & Q. R. CO. v. HONEY.

(Circuit Court of Appeals, Eighth Circuit. July 16, 1894.)

No. 393.

INJURY TO WIFE—ACTION BY HUSBAND—NEGLIGENCE OF WIFE.

Notwithstanding the provision of McClain's Code Iowa, § 3396, that a husband shall not be responsible for civil injuries committed by his wife, and other provisions enabling a wife to hold property, contract, and sue in her own name, a husband, in an action for loss of his wife's services, occasioned by the negligence of another, will be charged with her contributory negligence.

In Error to the Circuit Court of the United States for the Southern District of Iowa.

Action by W. O. B. Honey against the Chicago, Burlington & Quincy Railroad Company. Judgment for plaintiff. Defendant brings error. Reversed.

John N. Baldwin and Smith McPherson (J. W. Blythe on the brief), for plaintiff in error.

Charles M. Harl (J. McCabe and J. M. Junkin on the brief), for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

THAYER, District Judge. The question presented by this record and to be decided is accurately stated by counsel for the plaintiff in error, as follows:

"In an action brought by the husband against a third party for damages for the loss of the society of his wife, her aid, and surgical attendance, consequent upon physical injuries received by the wife, is the fact that the wife has been guilty of contributory negligence, and the injuries which she received being the result of the concurring negligence of the wife and the third party, a defense?"

The circuit court answered this question in the negative, holding in effect that the contributory fault of the wife could not be imputed to the husband, and preclude him from recovering, either on the ground that she was acting as his agent or servant at the time of the injury, or because of the existence of the marital relation. The learned judge of the trial court appears to have been of the opinion that a husband suing for the loss of the services of his wife, and for medical expenses, occasioned by the negligence of a third party, is, in the state of Iowa at least, unaffected by the fact that the wife was guilty of contributory negligence, because the laws of that state have abolished the legal fiction of the identity of husband and wife, and have exempted the husband from responsibility for the negligences and misfeasances of the wife. Vide 59 Fed. 423. It becomes necessary, therefore, to determine whether this view is tenable. Whenever the question has heretofore been considered, it seems to have been taken for granted that the relation existing between husband and wife or parent and child is of such character that the plea of contributory negligence on the part of the wife or child, if the latter is of sufficient age and intelligence to be chargeable with negligence, is a good defense, when the husband or parent brings a common-law action to recover for the loss of service or for medical expenses consequent upon physical injuries sustained by the wife or child through the concurring fault of another. The following are some of the cases, and doubtless there are others, where this principle has been recognized and enforced: Railroad Co. v. Terry, 8 Ohio St. 570; Dietrich v. Railway Co., 58 Md. 347; Benton v. Railway Co., 55 Iowa, 496, 8 N. W. 330; Iron Co. v. Brawley (Ala.) 3 South. 555; Gilligan v. Railroad Co., 1 E. D. Smith, 453. In none of the cases last cited was the reason of the rule stated, nor was the subject much discussed. It seems to have been taken for granted that the concurring negligence

of the injured party was a sufficient defense to a suit by the husband or parent, when suing merely for a loss of the services of the injured party, or for medical expenses incurred and paid by him in the discharge of his obligation as husband or parent. But the weight to be given to these decisions as authority is not impaired by the fact that the rule stated and applied was not much discussed. On the contrary, the fact that the doctrine applied to the decision of the cases in question was assumed to be correct both by court and counsel, may be taken as an expression of the general understanding of the profession that the doctrine is well established and founded in reason. If we look for the true foundation of the rule in question, we apprehend that it will not be difficult to find. When one person occupies such a relation to another rational human being that he is legally entitled to her society and services, and to maintain a suit for the deprivation thereof, he should not be permitted to recover in such an action if the loss was occasioned by the concurring negligence of the person on whose account the right of action is given. If the person from whom the right of service and society is derived is capable of taking ordinary precautions to insure her own safety, and the person to whom the right of service belongs suffers her to go abroad unattended, and to exercise her own faculties of self-preservation, it is no more than reasonable to hold him responsible, in a suit for loss of society and service, for the manner in which such faculties have been exercised. We can conceive of no greater reason for deciding, in a case of this character, that a husband is not accountable for the conduct of his wife in caring for the safety of her own person, than there would be for holding that he was not chargeable with her contributory negligence in the management of a horse and carriage belonging to the husband, which she had been permitted to use for her own pleasure and convenience. In either case the fact that the husband has permitted the wife to control her own movements and to provide for her own safety, upon the evident assumption that she is competent to do so, should preclude him from asserting, in a suit against a third party for loss of service or society or for a loss of property, that he is not responsible for her contributory fault whereby the loss was occasioned. In this connection it is worthy of notice that in the state of Iowa, where this case originated, and in some other states as well, it is held that the husband's contributory fault is imputable to the wife in a suit brought by her against a third party for injuries sustained through the concurrent negligence of such third party and her husband. By the Iowa courts, it is said that the husband's negligence is imputable to the wife under such circumstances, because of the marital relation which entitles her to his care and protection. Yahn v. City of Ottumwa, 60 Iowa, 429, 15 N. W. 257, as explained in Nisbit v. Town of Garner, 75 Iowa, 314, 317, 39 N. W. 516; Peck v. Railroad Co., 50 Conn. 379; Carlisle v. Sheldon, 38 Vt. 440, 447. In other jurisdictions it has been decided that the husband's contributory negligence is not thus imputable to the wife when she sues in her own right for injuries sustained under the circumstances last men-

tioned. Shaw v. Craft, 37 Fed. 317; Sheffield v. Telephone Co., 36 Fed. 164; Flori v. City of St. Louis, 3 Mo. App. 231, 240; Railway Co. v. Creek (Ind. Sup.) 29 N. E. 481.

We do not regard it as material to the decision of the case at bar to determine what the true doctrine is with reference to the point last mentioned, for, even if we should concede it to be the better view that the husband's contributory negligence is not imputable to the wife when she sues in her own right for an injury sustained, still we think that it would not be a reasonable deduction from this rule that the husband is likewise unaffected by the wife's negligence when he sues for loss of services and medical expenses; for, when the wife brings an action for personal injuries which she has sustained, the right of action is in no wise dependent upon the marital relation. She does not derive her right to sue from that relation, but brings suit like any other person for an injury sustained through the fault of another. At common law it was necessary for the wife to be joined as plaintiff in such a suit, because she was regarded as the meritorious cause of action. Bing. Inf. & Cov. (Am. Ed.) 247, and cases there cited. But on the other hand, the husband's right to sue for loss of society and services grows out of the marital relation, and is incident to the rights thereby acquired. It has its origin in the existence of a valid marriage, which relation entitles him to the benefit of the wife's services and society, and which also imposes on him the duty of providing her with medical attendance in case of sickness or accident. When the husband loses the services of his wife, or is compelled to incur medical expenses, through the fault of another, then he may sue the wrongdoer. The right of action is incident to the marriage relation, and cannot exist without it. We think, therefore, that, even if it is the better view that the husband's contributory negligence cannot be imputed to the wife when she sues for her own injuries, yet that when the husband brings an action for the loss of society and services, which loss was due to the contributory fault of the wife, her want of ordinary care should nevertheless be imputed to the husband on the grounds heretofore indicated. As the respective rights of action are predicated on different grounds,—the one growing out of the marriage relation, and the other existing entirely independent of that relation,—there is no logical difficulty in holding the husband accountable for the contributory negligence of the wife, although the latter is not responsible for the contributory fault of her husband.

With reference to the cases of Davis v. Guarnieri, 45 Ohio St. 470, 487, 15 N. E. 350, and Williams v. Railroad Co. (Ala.) 9 South. 77, to which our attention has been particularly called, it is only necessary to say that these cases turned upon the construction of local damage acts. In the Ohio case the husband sued as administrator of the wife, under a statute which gave the amount of the recovery to the wife's children and husband. It was held that under the statute the administrator was only subject to those defenses which could have been made as against his intestate if she had survived and brought suit for the injury, and that in a suit by her in her

own right the plea of contributory negligence on the part of the husband would not have been a valid defense, although it was conceded that, if it had been proven that in the matter in which the husband was negligent he had acted as agent of the wife, it would have been a good defense, even as against the husband suing in the capacity of administrator. The Alabama case was likewise a suit under a local statute, by a father, for the death of his minor son, which had been occasioned by the defendant's negligence. It appears to have been ruled that, under the terms of the statute, contributory negligence by the minor was not a valid defense as against the father. We do not see that either of these cases has any marked bearing on the question at issue in the present suit, which concerns the right of the husband to maintain a common-law action for the loss of the society and services of his wife, when she is shown to have been guilty of culpable negligence which immediately contributed to the injury. In cases of the latter character, we are of the opinion that the contributory fault of the wife is a valid defense, unless it can be made to appear that the rule of the common law in this respect has been changed by some local statute. The Iowa statute which is chiefly relied upon to exempt the husband from the plea of contributory negligence is section 3396, McClain's Code of Iowa, and is as follows:

"For all civil injuries committed by a married woman, damages may be recovered from her alone, and her husband shall not be responsible therefor, except in cases where he would be jointly responsible with her if the marriage did not exist."

There are other statutes in force in that state, similar to those which now prevail in some other states, by virtue of which a married woman can hold property in her own name, sell and convey the same, make contracts in her own name, prosecute and defend suits in her own name for the protection of her property and personal rights, and by virtue of which she may also receive wages for her own labor and maintain suits therefor. Vide McClain's Code Iowa, §§ 3393, 3402, 3404. These laws have emancipated the wife from many of her common-law disabilities, and have given her an individuality, apart from her husband, which she did not before possess in the eye of the law. But we think that it is a mistake to suppose that these statutes were intended to or that they have in fact utterly extinguished the reciprocal obligations and rights of husband and wife which were formerly incident to the marriage relation. If it is true, as has been intimated, that the statutes in question free the parties to the marriage contract from all obligations to each other, save those of affection and loyalty, then it would be pertinent to inquire upon what theory the husband can be permitted to prosecute a suit like the one now in hand. It certainly cannot be maintained that the husband is entitled to sue for damages consequent upon the loss of his wife's services and society, unless she is still under an obligation to the husband, as at common law, to care for his home, attend to the wants of his family, and do whatever else is within her power which is conducive to his comfort, happiness, and prosperity. That a married woman is still under an

obligation to discharge these duties, notwithstanding the existence of a statute such as prevails in Iowa, and that a husband is still entitled, as at common law, to recover damages for the loss of her society and services, was recently decided by this court in Railway Co. v. Henson, 7 C. C. A. 349, 58 Fed. 531, 533, where Judge Caldwell, speaking for the court, said:

"The contention of the plaintiff in error is that under this act the husband has no valuable right in the services of his wife, and that he suffers no pecuniary loss by her death. This act does not put the wife on the footing of a concubine to her husband. It does not relieve her from those marital duties and obligations she takes upon herself at the marriage altar, and which are inherent in the relation of husband and wife among all Christian peoples. The statute does not purport to relieve a wife, and was not intended to relieve her, from the legal duty of performing these services which it is the pleasure of every good housewife to render to her husband in sickness and in health, independently of any mere technical legal obligation, and which she would render despite any statute that could be enacted to the contrary. These rights and duties are imposed by a law having a much higher and better source than the common law, which simply imparts to them that legal sanction essential to their maintenance and protection in a court of law against invasion from any quarter."

The supreme court of Iowa has also recently held that the statutes above referred to have not abrogated the common-law rule that the wife will not be presumed to have acted voluntarily in doing an unlawful act in the presence of her husband, and that notwithstanding the statutes in question the common-law presumption of compulsion on the part of the husband still prevails. State v. Kelly, 74 Iowa, 589, 38 N. W. 503. It would seem, therefore, that the relations existing between husband and wife, and the responsibility of the former for the conduct and acts of the latter, remain as they were at common law, except in so far as they have been changed by express statutory enactment, or by necessary legal intendment. It seems manifest from the phraseology of the statute above quoted (section 3396) that the purpose of the legislature in enacting that section was to exempt the husband from liability in suits brought against him by third parties for the torts of the wife, when they were committed by the wife, of her own volition, without the aid, advice, or sanction of her husband. We can discover nothing in the language of the statute which gives it any greater scope, or which fairly indicates that the legislature intended to deprive a third party of the benefit of the plea of contributory negligence when he is sued by the husband for an injury sustained by the wife in consequence of her own and such third party's negligence. We are furthermore of the opinion that such a construction of the statute would give it an effect which was not within the intent of the lawmaker. If a husband is still entitled, under the laws of Iowa, —as we have no doubt he is,—to maintain a common-law action for the loss of his wife's services and society, we know of no sufficient reason why he should not be chargeable in such an action with the wife's contributory fault. Entertaining these views, the judgment of the circuit court is reversed and the case is remanded, with directions to award a new trial.