KENNETH L. MAXSON, Respondent, *v.* ALBERT TOMEK and Another, Appellants.

Fourth Department, May 8, 1935.

*Francis E. Cullen,* for the appellant Albert Tomek.

*Franklyn A. Dobbs* [*Earl J. Scannell* of counsel], for the appellant Richard Morgan.

*Carter & Conboy,* for the respondent.

PER CURIAM. This case and five others,* all relating to the same transaction, were tried together. Special verdicts were rendered by the jury upon questions of fact submitted in writing by the court, after which the court directed general verdicts. Court and counsel treated these questions and special verdicts as effectual in all the cases on trial to which they might logically apply and proceeded throughout the trial on that theory. In this action and the action of Albert Tomek against Reynolds and Beatrice Maxson the special verdicts were consistent but the general verdicts directed were inconsistent and contrary to law, no disapproval of the factual findings having been indicated by the court. A verdict was directed in favor of Kenneth L. Maxson against defendant Tomek for loss of the services of Maxson's wife, Beatrice, when the jury had found as a fact that as between Beatrice Maxson, plaintiff, and Tomek, defendant, the plaintiff had been guilty of negligence contributing to the collision. Any right of action in the husband is necessarily derived from the right of the wife. Wherefore the husband cannot recover in his action against defendant Tomek. As to the action of Albert F. Tomek against Reynolds and Beatrice Maxson, plaintiff's wife having been a passenger in his car, the jury found that plaintiff was guilty of contributory negligence. Hence plaintiff was not entitled to recover at all and the directed verdict in his favor based upon the injuries to his wife was erroneous. (*McKay* v. *Syracuse Rapid Transit R. Co.*, 208 N. Y. 359, 363, 364; *Kokesh* v. *Price*, 136 Minn. 304; 161 N. W. 715.)

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and LEWIS, JJ.

Judgment and order as to defendant Tomek reversed on the law and facts, with costs, and judgment ordered in favor of the defendant Tomek against the plaintiff, with costs, and judgment otherwise affirmed, with costs.

---

* See *Kramer* v. *Reynolds* (2 cases), *Maxson* v. *Tomek* and *Tomek* v. *Reynolds* (2 cases) (244 App. Div. 876).— [REP.