BEATRICE FRIEDMAN, Respondent, and JACOB FRIEDMAN, Appellant, *v.* L. M. BECK and GALILEE FISH CO., INC., Appellants, Respondents, Impleaded with Others, Defendants.

First Department, February 26, 1937.

*Joseph L. Forscher*, attorney for the plaintiff-respondent and the plaintiff-appellant.

*I. Maurice Wormser* of counsel [*Bert Hamburger* with him on the brief; *Hamburger & Hamburger*, attorneys], for the defendants-appellants-respondents.

O'MALLEY, J. The principal questions presented are (1) whether the question of contributory negligence, if any, of the plaintiff Beatrice Friedman, is involved; (2) if so, whether the evidence justified a finding against her on this issue; and (3) whether under the facts and circumstances of this case her husband, the plaintiff Jacob Friedman, had a cause of action for medical expenses, loss of consortium and services.

We are of the opinion that the evidence was sufficient to justify a finding that the plaintiff wife (hereinafter called plaintiff) had been rendered ill by consuming lobster purchased by another from the defendant Beck, who, in turn, had purchased it from the defendant fish company.

The complaint is replete with allegations of specific negligence. In addition it specifically charges a violation of " the provisions of the Farm and Agricultural Law [Agriculture and Markets Law] of the State of New York, as amended."

The complaint further alleged freedom from contributory negligence as required in the ordinary negligence action. Upon the trial, the plaintiffs claiming that contributory negligence was not involved in so far as a violation of the statute was concerned, the defendants themselves were permitted to plead contributory negligence.

The court in its decision was of opinion that plaintiff was not entitled to recover in ordinary negligence, stating that there was " sufficient doubt as to her freedom from contributory negligence * * * to prevent her from recovering." We deem this a holding that in so far as contributory negligence is involved, the court has found that she has been guilty thereof.

Plaintiff was the first guest to arrive at a luncheon and found her hostess dressing. A maid had opened a can of lobster and informed her employer in the presence of the plaintiff that she did not like the smell of it. At the request of her hostess plaintiff went into the kitchen and examined the lobster in the can. She tasted it once, and did not like its bitter, metallic taste. The first piece was about an inch long. She said she chewed and swallowed part of it. She took another piece about three-quarters of an inch in thickness and half an inch in length, and swallowed all of this piece, though again, it did not taste right.

She then proceeded to make a salad out of the lobster meat, and while so doing, she continued to taste the lobster four or five times, chewing and swallowing each piece. This took some ten or fifteen minutes.

She then informed her hostess that she did not think the salad should be used, and when a second can was procured she said " it had a terrific odor, it was absolutely putrid." Nevertheless, she took a taste of the second can " to make sure it was even worse than the first." She admitted that before all this had occurred she knew that a person might be poisoned by eating unwholesome seafood.

We think that this repeated tasting of the alleged contaminated lobster with forewarning, and knowledge of possible consequences, justified the finding that plaintiff herself had been guilty of such negligence as would preclude a recovery in the action as based on ordinary negligence.

She claims, further, that her negligence, if any, is not involved, in so far as she was permitted to recover upon a violation of the

statute (Agriculture and Markets Law, § 198). This prohibits the sale of "any article of food which is adulterated  *  *  *  within the meaning of this article."

Section 199 of the same law provides that food shall be deemed adulterated

"5. If it contain any added poisonous or other added deleterious ingredient which may render such article injurious to health  *  *  *.

"6. If it consists in whole or in part of a filthy, decomposed or putrid animal or vegetable substance, or any portion of an animal unfit for food, whether manufactured or not, or if it is the product of a diseased animal, or one that has died otherwise than by slaughter."

Assuming that plaintiff's proof was otherwise sufficient to justify her recovery under the statute, we are of opinion that her own conduct precludes recovery.

It is true that it has been stated, that in actions based upon the statute "no element of ordinary negligence is essential. Violation [of the statute] becomes actionable default" (*Abounader* v. *Strohmeyer & Arpe Co.*, 243 N. Y. 458, 465, 466); and it has been further stated that "violation of duty under the Agriculture and Markets Law is said to be negligence as matter of law." (*Gimenez* v. *Great Atlantic & Pacific Tea Co.*, 264 N. Y. 390, 394.)

Assuming without conceding that contributory negligence in the general sense is not involved, it may not be contended that everyone injured by a violation of the statute would under all circumstances be entitled to recover. If a person has express notice that certain food has had poison "added" but still consumes it, no one would seriously urge that a recovery might be had. *Volenti non fit injuria.*

Moreover, the plaintiffs showed by their method of proof, that they deemed it necessary to prove a causal relation between the violation of the statute and the injuries, as in an ordinary negligence action. Since plaintiff wife was properly found to have been guilty of contributory negligence; and since we have concluded that she was guilty of such conduct (whether denominated contributory negligence or not) as should preclude a recovery for a violation of the statute, the judgment in her favor must be reversed and her complaint dismissed.

The right of plaintiff husband to bring his action is, therefore, not necessarily involved. As his wife may not recover he may not. However, it is clear that he had a right of action so far as ordinary negligence is concerned. It seems to have been held that he, likewise, would have a right of action predicated upon a violation of the statute. Following the language above quoted from *Gimenez* v. *Great Atlantic & Pacific Tea Co.* (*supra*), the court

further stated: " As such, the husband might recover for his loss due to his wife's injuries " (pp. 394, 395).

It follows, therefore, that so much of the judgment as is in favor of the defendants and against the plaintiff Jacob Friedman should be affirmed and the portion of the judgment in favor of the plaintiff Beatrice Friedman reversed, with costs of this appeal to the defendants, and the complaint dismissed, with costs.

TOWNLEY, DORE and COHN, JJ., concur; MARTIN, P. J., dissents.

MARTIN, P. J. (dissenting). The plaintiffs are husband and wife. The action is brought to recover damages for personal injuries sustained by the wife as the result of eating lobster meat sold by the defendant Galilee Fish Co., Inc., as wholesaler, to the defendant Beck, as retailer. The latter resold the lobster to a Mrs. Slossberg, at whose residence it was partaken by Mrs. Friedman, as a guest. The latter's husband brings the usual action to recover for loss of services and medical expenses.

The court held that the action was brought upon two theories: (1) In negligence; and (2) because of the violation of the Agriculture and Markets Law, holding further that the plaintiff wife was entitled to recover under the latter, but that both she and her husband were barred from recovery upon the theory of negligence, because of her own contributory negligence in eating the lobster after she suspected its bad condition. The court further held that he found no authority for awarding damages to the plaintiff husband because of the violation by the defendants of the statute.

That an action based upon a violation of the Farms and Markets Law sounds in negligence and that proof of such violation establishes negligence as matter of law has been held in *Pine Grove Poultry Farm* v. *Newtown B.-P. Mfg. Co.* (248 N. Y. 293).

A violation of the statute by the sale of lobster meat unfit for food is established by plaintiff's testimony that the odor of the first can was bad and that the odor of the second can was worse, coupled with the fact that the plaintiff wife became ill shortly after having partaken of a few small pieces in tasting the product in an endeavor to ascertain if it could be used, and thereafter eating nothing but tea and toast until the doctor was called, who then and thereafter diagnosed her trouble as fish poisoning.

We have been unable to find a prior adjudication in this State upon the question whether contributory negligence is a defense to an action based wholly upon a violation of the Agriculture and Markets Law. The question has been decided in favor of plaintiff's contention in some States and against it in other States. The better reasoning appears to be that in an action upon the statute

the injured plaintiff should not be held barred from a recovery by negligence in partaking of the food. It is only where the injured person committed acts of willful, affirmative negligence or participated in acts by which the food was rendered unsuitable for human consumption that such acts constitute a defense to the action. An example of the latter is to be found in the case of *Great Atlantic & Pacific Tea Co.* v. *Hughes* (131 Ohio St. 501; 3 N. E. [2d] 415), where the rule is stated as follows: " ' The violation of the pure food laws of this State by the sale of unwholesome meat is negligence *per se*, and may be the basis of recovery for damages by the user of said unwholesome meat, who suffers injury proximately resulting therefrom, provided the user is not himself guilty of negligence in the care, preparation, cooking, or in any other manner which contributes directly to his injury.' "

The words " in any other manner " are related by the *ejusdem generis* rule to " care, preparation, cooking," as is further shown by the use of the word " directly." Illustrative of the first mentioned class is the case of *Corwin* v. *N. Y. & Erie R. R. Co.* (13 N. Y. 42, 49). It was there held that where a statute imposed an absolute liability upon a railroad for failure to fence its right of way, contributory negligence of a plaintiff whose cattle were injured was not a defense where there was no affirmative willful act which added to the danger, such as driving the cattle upon the track.

In any event, plaintiff was guilty of no contributory negligence under the facts shown by this record. She was a luncheon guest of the purchaser of the lobster. When the maid reported that the lobster had a bad smell, plaintiff's hostess requested that she prepare the salad. The plaintiff found that the appearance of the meat was normal and, although it did not " taste right," she thought she might change the taste by the use of ingredients at hand. She, therefore, proceeded to mix with it the salad dressing, tasting and eating a few pieces as she did so. Not succeeding in getting the salad to " taste right," a second can was obtained, which was worse than the first. Of this second can she ate but one piece. Plaintiff's conduct under the circumstances was normal and reasonable. She had the right to assume that the food was fit for human consumption. She testified she merely thought it was strong, or a different kind of lobster.

Clearly the defendant Beck is liable for a violation of the statute. In so far as the wholesaler is concerned, however, a different situation is presented. There is no direct testimony that the lobster was in bad condition when the wholesaler sold it to the defendant Beck. The latter, called by the plaintiff as an expert, expressly

refused to testify to the effect that if the lobster was bad when sold by him on the eighth of June, notwithstanding the fact that it had been properly iced while in his possession, it must have been bad when purchased by him from the wholesaler on the seventh of June. There is not a compelling inference that such was the case, in view of the testimony that the lobster was not packed in sealed containers, but in cans with removable tops with holes punched therein. The meat was uncooked, the sale was in the summer time, and the probabilities are that decomposition commenced while the meat was in the possession of the retailer, rather than that it was received by the latter in that condition. The fact that both the retailer and wholesaler were willing to accept a return of the product and refund or credit the purchase price has no bearing upon the condition of the meat, since that was merely a good business policy towards a customer. We are of the opinion that there is insufficient evidence of a violation of the statute on the part of the Galilee Fish Company to sustain the judgment against it.

I am also of the opinion that the plaintiff husband is entitled to recover the loss sustained on account of the illness of his wife. That element of damage was a proximate result of defendants' negligence in violating the statute, and hence is recoverable within general rules applicable to tort actions. This is pointed out in *Gimenez* v. *Great Atlantic & Pacific Tea Co.* (264 N. Y. 390, 394), where it is said:

" The question may arise why recovery is allowed the husband for consequential damages caused by illness of the wife in actions for breach of contract of a railroad company made with the wife to convey safely. The answer is that any one sustaining damage by reason of such a breach of duty may maintain an action, bottomed on the violation of a public duty imposed independent of contract. The causes of action are quite independent of each other. Therefore, it is presumed that the husband was entitled to recover for such expenses as are here in issue. The nature of the action is essentially in tort where the rule is that one who is injured by the delict of another is entitled to recover his damage from the wrongdoer. * * *

" Violation of duty under the Agriculture and Markets Law is said to be negligence as matter of law. As such, the husband might recover for his loss due to his wife's injuries."

In *Abounader* v. *Strohmeyer & Arpe Co.* (243 N. Y. 458, 465), referring to the provisions of the Farms and Markets Law, the court said:

" We ought not to assume that the Legislature intended to limit the duties of those violating such provisions as these by any technical rules of contractual privity but that it was intended to impose a broad and far-reaching duty which would be for the benefit of those general consumers who would be the real sufferers in health or pocket if the statute was violated. * * *

" Holding then that this statute was passed for the benefit and protection of the general public and that it imposed upon one like the defendant a duty to the public and each member thereof, it is as we have already indicated well settled that such an one who has suffered from a disregard and violation of the duty has a cause of action for his damages against the one who has disregarded his duty."

Therefore, the complaint in the husband's action was improperly dismissed.

It follows that the judgment in favor of the plaintiff Beatrice Friedman should be affirmed, with respect to the defendant L. M. Beck, and reversed and the complaint dismissed as against the Galilee Fish Co., Inc., and that the judgment in favor of the defendant Beck against the plaintiff Jacob Friedman should be reversed and a new trial granted.

So much of the judgment as is in favor of the defendants L. M. Beck and Galilee Fish Co., Inc., and against the plaintiff Jacob Friedman affirmed. That portion of the judgment in favor of the plaintiff Beatrice Friedman reversed, with costs to said defendants, and the complaint dismissed, with costs.