WINONA L. ROSENTHAL, Plaintiff, *v.* COMPAGNIE GENERALE TRANSATLANTIQUE, Also Known as " FRENCH LINE," Defendant.

Supreme Court, Dutchess County, March 7, 1939.

*Herman A. Levine* [*Lloyd L. Rosenthal* of counsel], for the plaintiff.

*Haight, Griffin, Deming & Gardner* [*David L. Corbin* of counsel], for the defendant.

NOLAN, J.  Motion by defendant for summary judgment granted. The passage contract issued by the defendant plainly states on its face that it is " subject to the terms stated on this page and overpage."  On the bottom of the face of the contract appears the following: " Passengers should read the terms of the contract of carriage stated below and overpage, their particular attention being called to the limitations of liability therein contained," and at the bottom of the page there is the further warning: " Stipulations limiting carrier's liability are continued overpage."  On the back of the contract, under the heading " Notice of claims and limitation of time for such notice and for suit thereon," is a clause which provides that the carrier shall not be liable, " unless a written claim therefor is lodged with the purser, prior to the passenger's leaving the steamer," and in any event unless a claim is made in writing and lodged with the carrier, " within fifteen days after the passenger leaves the steamer."  This condition was not complied with and it does not appear under the circumstances disclosed,

·that it was unreasonable. The plaintiff knew, or should have known, of the terms of the contract and accepted the conditions imposed when she took passage on the defendant's steamship. (See *Murray* v. *Cunard S. S. Co., Lim.*, 235 N. Y. 162; *Garcin* v. *Compagnie Transatlantique*, 160 Misc. 687; *Eichler* v. *Furness, Withy & Co., Ltd.*, 169 id. 22.) Settle order on notice.