HATTIE C. AUGENBLICK et al., Plaintiffs, *v.* DAVID S. AUGENBLICK et al., Defendants.

Supreme Court, Special Term, Queens County, November 12, 1952.

*Corrado & Basta* for plaintiffs.

*Reid A. Curtis* for defendants.

DALY, J. In an action for damages resulting from personal injuries sustained by the plaintiff, Hattie C. Augenblick, and for medical expenses, loss of services and consortium sustained by her husband, the plaintiff, Israel Augenblick, the defendants served a notice upon the plaintiffs' attorneys, dated October 6, 1952, pursuant to the provisions of rule 121-a of the Rules of Civil Practice, to take the plaintiffs' testimony before trial upon the following: " 1. All the relevant facts and circumstances in connection with the accident, including negligence, contributory negligence, liability or damages.''

No motion to vacate or modify said item of examination was made by the plaintiffs. However, in the course of the examination of the plaintiff husband, who was personally present and witnessed the accident which resulted in the injuries sustained by his wife, his attorney objected to his being examined as to negligence, contributory negligence and liability on the ground that in respect to such matters, he was sought to be examined as a witness rather than as a party.

It is, of course, true that rule 121-a of the Rules of Civil Practice is limited to parties or agents, or employees of parties to an action and is inapplicable to witnesses. (*Wax* v. *Sachs,* 280 App. Div. 900.) However, the testimony of the plaintiff husband was not sought here as a witness, but as a party to his own action to recover the damages which *he* sustained for the loss of the services and society of his wife and for the expense of her care as the result of the accident which the defendants are charged

with causing. The gravamen of his complaint " is the alleged negligence " of the defendants " by reason of which his wife received bodily injuries, of such a character as, in addition to causing her pain and suffering, disabled her from performing such services as a husband may be presumed to be entitled to on the part of his wife."

" The law gives to the husband   *   *   *   a right of action for any injury to the wife   *   *   *   when caused by the actionable acts of another, *per quod servitium amisit.*" (*Maxson* v. *Delaware, Lackawanna & Western R. R. Co.*, 112 N. Y. 559, 561.) This right of action is derivative, however, in the sense that if the wife cannot recover in her action for personal injuries either by reason of contributory negligence or because of the failure to show negligence on the part of the defendant, then the husband cannot succeed in his action for loss of his wife's services against the same defendant. (*Maxson* v. *Tomek*, 244 App. Div. 604; 1 Shearman and Redfield on Negligence [Rev. ed.], section 138, p. 337.) Were a husband to sue for such damages in a separate action, he would be obliged to establish the liability of the defendant in causing the injuries to his wife without any negligence on her part contributing thereto. His burden is no less where his cause of action is coupled with that of his wife.

Since the principal reform accomplished by the enactment of new rule 121-a of the Rules of Civil Practice was to afford parties in any type of action a mutual examination, regardless of the burden of proof, as to matters material and necessary to the disposition of the issues presented by the pleadings, the defendants' examination of the plaintiff husband was not limited to damages, but included within its scope negligence, contributory negligence and liability.

The plaintiff husband contends that his cause of action was not included in the types of action enumerated in the new rule and, therefore, the omnibus item therein set forth could not be employed by the defendants. He ignores, however, the broad provision of section 37-a of the General Construction Law which provides that " ' Personal injury ' includes   *   *   *   other actionable injury to the person either of the plaintiff, or of another." The Court of Appeals has held that: " Actions by a father for the loss of the services of his child, or a husband for the loss of the services of his wife have in legal parlance been classed with personal injury cases." (*Psota* v. *Long Is. R. R. Co.*, 246 N. Y. 388, 395.) Therefore the words " in an action to recover damages for personal injuries " as used in rule 121-a

of the Rules of Civil Practice may be said to have been intended to be covered by the broad definition of " personal injury " as found in section 37-a of the General Construction Law. In any event, the form of the item was waived since no motion to vacate or modify the notice was made, pursuant to section 291 of the Civil Practice Act, and the objection during the examination before trial was confined to the scope thereof. .

Accordingly, in light of the foregoing, the court overrules the husband's objection to the scope of the examination and directs his examination to proceed.