NUNZIATA MANGRELLI et al., Plaintiffs, *v.* ITALIAN LINE et al., Defendants.

Supreme Court, Special Term, Bronx County, June 22, 1955.

*Dorsey, Burke & Keber* for defendants.

*Donald S. Sherwood* for plaintiffs.

MATTHEW M. LEVY, J.  This is a motion by the defendants for summary judgment dismissing the complaint upon the ground that the action is claimed not to have been timely commenced. The plaintiffs, wife and husband, sue to recover damages for personal injuries allegedly sustained by the wife while a passenger aboard the S. S. *Vulcania* of the Italian Line from Naples to New York.  The ticket of passage (which was purchased by the wife in Italy) provided for a one-year period of limitation for the institution of an action.  The contract of passage is written in the Italian language, except for the last paragraph thereof (which paragraph is an English translation of the preceding paragraph), and which reads as follows:  " I, the undersigned holder of this passage contract, do hereby declare to the effects and under provisions of Act 1341 and 1342 of the Italian Civil Code in force, that I am aware and adhere to all

conditions and clauses set forth on both sides of said Passage Contract, and that I specifically approve clauses Nos. 1, 2, 4, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 20, 21, 23, 24, 26, 28, 29, 31, 32, 33, 34.'' Paragraph 29 (in Italian) is the section of the contract which provides for the limitation. The suit was concededly commenced after the expiration of that period, but before the termination of the three-year statutory period of limitations as provided by the law of New York (Civ. Prac. Act, § 49, subd. 6).

Assuming that it would make a difference that the passenger could not or did not read the terms of the contract which she signed (but see *Murray* v. *Cunard S. S. Co.,* 235 N. Y. 162; *Rasmussen* v. *Gdynia American Lines,* 126 N. Y. S. 2d 872; *Rosenthal* v. *Compagnie Generale Transatlantique,* 170 Misc. 426; *Garcin* v. *Compagnie Generale Transatlantique,* 160 Misc. 687, 688, and *Horvath* v. *Cunard S. S. Co.,* 103 F. Supp. 356, 357) the plaintiff wife here is completely silent as to that as well as to the entire transaction dealing with the purchase of the ticket and her understanding of the terms thereof. Indeed, the plaintiffs do not present their own affidavits, but submit instead an affidavit of their attorney who does not assert that he has any personal knowledge of the facts. It is the plaintiffs' attorney alone who baldly claims that the plaintiff passenger was unable to read the contract, that she was deprived of an opportunity to negotiate the terms, that she believed she was agreeing to be bound by Italian law rather than the contract, that her signature was secured by trick and device, and that in consequence the contract is invalid. If all of this were true, it might make a difference; but the difficulty is that these contentions are merely advanced, and no facts whatever are presented to substantiate them. The matter must be considered on the law alone.

The ticket was purchased in Italy; the trip was on an Italian vessel; the passage was from Italy to New York. While the passenger ticket refers to sections of the Italian Civil Code, the provisions, applicability or effect of those sections — or, for that matter, of any other area of the law of that country — does not appear. In one breath, the plaintiffs assert that the Italian law is applicable to this contract and governs its provisions, and that thereunder such time limitation as is here invoked by the defendants is invalid and unenforcible. In another breath, the plaintiffs assert that the defendants have the burden of showing that the contract is valid under either the law of New York or of Italy.

Neither the plaintiffs nor the defendants plead or cite in their affidavits or memoranda the Italian law on the question of whether that law forbids or permits the contracting parties to agree on a limitation of the time within which suit might be brought upon a cause of action such as this. I cannot, of course, normally assume that the law of Italy — a " civil law ", as distinguished from a " common law ", country — is the same as ours in every aspect (*Sonnesen* v. *Panama Transport Co.,* 298 N. Y. 262, 267, certiorari denied 337 U. S. 919), but, as neither party has pleaded or cited the Italian law, I can and do assume that that law is not applicable here (cf. *Horvath* v. *Cunard S. S. Co., supra,* p. 358); or if it is germane, then I may assume that the law of Italy is similar to our own with respect to the matter in controversy (cf. *Reis & Co.* v. *New York Trust Co.,* 136 Misc. 141, 146). This court, in its discretion, may of course take judicial notice of the Italian law despite the fact that that law is not pleaded (Civ. Prac. Act, § 344-a, subd. 1; *Pfleuger* v. *Pfleuger,* 304 N. Y. 148, 152). But some modicum of professional aid in that regard may rightly be expected by the court from that party who relies upon the foreign law, and who under our law is under the burden of presenting it.

In the case at bar, it is not the defendants who are obligated to plead the Italian law to prove that the contractual short limitation of action is permissible under the law of that country. They do not base their defense on the law of that jurisdiction, but on the provision in the contract itself. It is the plaintiffs who have the burden of establishing their claim that the trip-ticket clause is invalid. In the absence of any showing that the limitation is not valid under Italian law, its legality must be sustained or rejected under the principles of law of this jurisdiction. It is clear law in this State that the purchase of a steamship ticket constitutes a contract which creates the obligation and defines the terms of carriage, and therefore the provision of the agreement limiting the time for the bringing of an action for injuries is valid and binding on the contracting passenger (*Murray* v. *Cunard S. S. Co.,* 235 N. Y. 162, *supra*). Such a limitation does not contravene the public policy of this State (*Murray* v. *Cunard S. S. Co., supra,* p. 165), and in the absence of any evidence that this limitation is contrary to Italian law, it must be presumed that it is not.

In the circumstances, the plaintiffs cannot rely on the ruling in *Werfel* v. *Zivnostenska Banka* (287 N. Y. 91, 93), as they have raised no tangible issue as to the foreign law applicable to this controversy, nor have they shown in what respect such law

renders the contract clause inoperative. Since the plaintiffs have failed to establish the applicability of the foreign law or its effect, and since the contractual time limitation is valid under our law with respect to the contracting party, the plaintiff Nunziata, there is no bona fide triable matter before the court, and her cause of action must be and is dismissed as not timely brought.

While the issue was not presented by the parties, I am of the view that whether — on the facts here — there was timely commencement of the husband's suit is a matter which must be independently considered and resolved. The cause of action of the plaintiff Umberto for the loss of the services of his wife and for the medical expenses incurred by him is separate and distinct from her cause of action for personal injuries (*Filer* v. *New York Central R. R. Co.*, 49 N. Y. 47, 56). While the husband's action is derivative — in the sense that in order to succeed he must establish that the defendant was negligent and that his wife was free from contributory negligence (*Maxson* v. *Tomek*, 244 App. Div. 604, motion for leave to appeal denied 268 N. Y. 726) — the defense to the wife's action based on the contractual limitation cannot defeat her husband's claim. He never signed the contract of passage, and it is not claimed that he was in any way a party to it. " A contract made by a married woman does not bind her husband or his property " (Domestic Relations Law, § 55). Accordingly, while the statutory provisions as to limitation of time are the same for both causes of action (*Maxson* v. *Delaware, Lackawanna & Western R. R. Co.*, 112 N. Y. 559), the contractual provisions governing the plaintiff wife's time to sue do not bar the plaintiff husband's action.

The defendants' motion to dismiss the complaint is granted to the extent only of dismissing the cause of action of the plaintiff Nunziata Mangrelli, and denied as to the cause of action of the plaintiff Umberto Mangrelli (cf. *Friedlander* v. *Roxy Theatre*, 204 Misc. 740, 742, affd. 283 App. Div. 860). Order signed.