No. 22430.

PIONEER CONSTRUCTION COMPANY, A COLORADO CORPORATION *v.* MAURICE A. BERGERON, EVA M. BERGERON AND ELMO BURTON.

(462 P.2d 589)

Decided December 22, 1969.

M. Myers Bumgardner, Charles D. Pierce, for plaintiff in error.

Spurgeon, Aman & Hanes, Richard W. Hanes, for defendants in error.

*En Banc.*

Mr. Justice Day delivered the opinion of the Court.

This case arises out of an automobile accident on a rainy July afternoon on Interstate 25 south of the Air

Force Academy. The evidence was that a passenger car traveling toward Colorado Springs on the south-bound portion of the highway skidded on rainslick, newly laid asphalt, went out of control and bounded over the median strip onto the north-bound lane where it collided with a heavy tractor trailer rig. In the passenger car were Eva M. Bergeron, who was severely injured, her mother, Mrs. Sandefur, and her sister, Mrs. Barbara Burton, both of whom were fatally injured.

Suit for damages was brought against Pioneer Construction Company on the allegation that the highway on which the accident occurred was being resurfaced by Pioneer and had been left in a dangerous condition, which was the proximate cause of the accident. Mrs. Bergeron asked for damages for her injuries, pain, suffering and mental anguish sustained in the collision. Maurice A. Bergeron, her husband, who was not involved in the accident, sought damages for medical expenses paid up to the time of the trial, future medical expenses to be incurred for care and rehabilitation of his wife, together with loss of her services and consortium, and expenses for the care of the children of the parties. Elmo Burton, husband of Barbara, a co-owner of the car, sought similar damages arising out of the death of his wife.

Pioneer denied that it was negligent or that it had left the highway in such a condition as to cause the accident, and affirmatively alleged that the proximate cause of the collision was the sole negligence of Eva Bergeron or Barbara Burton — also allegedly co-owner of the passenger car — or that one or both were contributorily negligent.

Pioneer's motions for a directed verdict at the close of the plaintiff's evidence and again at the close of all of the evidence were denied. Issues of negligence and contributory negligence were submitted to the jury, which returned verdicts as follows: (a) verdict against plaintiff Eva Bergeron and in favor of Pioneer; (b) verdict in favor of Maurice A. Bergeron in the sum of $9000

against Pioneer; (c) verdict in favor of Elmo Burton in the sum of $10,000 and against Pioneer. Because of the verdict against Mrs. Bergeron, obviously predicated upon a finding of her contributory negligence, Pioneer filed motions for judgment nothwithstanding the verdict and for new trial. To the denial of these motions writ of error was sued out in this court.

After filing of the briefs and motion of the parties, writ of error was dismissed as to Elmo Burton, and the propriety of the verdict in his favor is not now involved in this writ of error.

No cross-error is assigned to submission of the issues of the contributory negligence of Eva Bergeron, nor to the verdict against her claim.

The sole issue for our determination is the propriety of the verdict in favor of Maurice Bergeron and whether, after the jury verdict finding Eva contributorily negligent, the court should have granted judgment in favor of Pioneer notwithstanding the verdict for Mr. Bergeron.

On disputed testimony there was sufficient evidence to support the jury's determination that Pioneer was negligent in leaving the highway in the condition that it was at the time of the accident. On the issue of contributory negligence there was no direct evidence as to who was the driver of the passenger car, but there was sufficient circumstantial evidence to establish that Mrs. Bergeron was the driver plus evidence of speed too great for the conditions of the weather and the wet highway, all in support of a jury finding of contributory negligence.

Pioneer has advanced the proposition that if Mrs. Bergeron was negligent it was imputable to her husband and that he cannot recover. Keeping in mind that Mr. Bergeron was not in the car; that no question of agency was involved as between him and the driving of the car by Mrs. Bergeron; that the car was not owned by him and therefore the "family car doctrine" is not involved, we cannot subscribe to the theory of Pioneer that negligence can be imputed to Mr. Bergeron. In fact, in *Swan-*

*son v. McQuown,* 139 Colo. 442, 340 P.2d 1063, this court laid down the true test for determining the question of imputed negligence as follows:

"Whether negligence can be imputed depends on whether the individual with respect to whom it is sought to impute negligence would be liable to a third person for the tort of the subordinate.

" '* * * a plaintiff is barred from recovery by the negligent act or omission of a third person if, but only if, the relation between them is such that the plaintiff would be liable as defendant for harm caused to others by such negligent conduct of the third person.' A.L.I. Restatement of Torts, sec. 485."

In this case it is clear that the owners and operators of the tractor trailer which collided with the passenger car Mrs. Bergeron was driving when it careened across the median strip in its path could not recover any damages from Mr. Bergeron on a theory of imputed negligence. Thus the argument of Pioneer on this question is settled in Colorado and has no merit.

However, the resolution of the question of the correctness of the verdict in favor of Mr. Bergeron and whether the court erred in not granting Pioneer its judgment notwithstanding the verdict is not answered by a finding that imputation of negligence is ruled out in this case. Our own research has revealed another body of law which presents a question of first impression this state and which, if we decide to follow, precludes recovery by Mr. Bergeron.

II.

CONTRIBUTORY NEGLIGENCE OF A SPOUSE AS A BAR TO RECOVERY OF COLLATERAL DAMAGES SUFFERED BY THE OTHER SPOUSE

■ American case law seems to be unanimous in holding that the contributory negligence of a spouse bars recovery of collateral damages — loss of consortium, medical expenses, loss of services, etc. — suffered by the other spouse. An annotation in 21 A.L.R. 3rd 469 exam-

ines a selection of cases which discuss the bases for this holding. The cases apply several different theories to explain this rule.

The most frequently advanced theory is that the action for collateral damages is derivative in nature and dependent upon the right of the injured spouse to recover, and is therefore subject to the same defenses that are available in an action arising in favor of the injured spouse. *Elmore v. Illinois Terminal Railroad Co.*, 301 S.W.2d 44 (Mo. App.); *Thibeault v. Poole*, 283 Mass. 480, 186 N.E. 632; *Peters v. Bodin*, 242 Minn. 489, 65 N.W.2d 917; *Maxson v. Tomek*, 244 App. Div. 604, 280 N.Y.S. 319; *Friedman v. Beck*, 250 App. Div. 87, 293 N.Y.S. 649; *appeal dismissed*, 274 N.Y. 566, 10 N.E.2d 554; *Augenblick v. Augenblick*, 203 Misc. 360, 117 N.Y.S.2d 69; *Mangrelli v. Italian Line*, 208 Misc. 685, 144 N.Y.S.2d 570; *Lindner v. State*, 49 Misc.2d 908, 268 N.Y.S.2d 760; *Elser v. Union Paving Co.*, 167 Pa. Super. 62, 74 A.2d 529.

 A representative statement of the reasoning which appears in the above cited cases is that by the court in the *Augenblick* case, *supra*, which said:

"The law gives to the husband * * * a right of action for any injury to the wife * * *, when caused by the actionable acts of another, *per quod servitum amisit.* '* * * This right of action is derivative, however, in the sense that if the wife cannot recover in her action for personal injuries either by reason of contributory negligence or because of the failure to show negligence on the part of the defendant, then the husband cannot succeed in his action for loss of his wife's services against the same defendant. * * *' "

Although the derivative nature of an action for collateral damages is the reason most frequently advanced to bar such action in case of the existence of contributory negligence on the part of the spouse, it is not the only reason. In *Chicago B. & Q. R. Co. v. Honey*, 63 F. 39, 26 L.R.A. 42, applying Iowa law, it was stated:

"* * * When one person occupies such a relation to

another rational human being that he is legally entitled to her society and services, and to maintain a suit for the deprivation thereof, he should not be permitted to recover in such an action if the loss was occasioned by the concurring negligence of the person on whose account the right of action is given. If the person from whom the right of service and society is derived is capable of taking ordinary precautions to insure her own safety, and the person to whom the right of service belongs suffers her to go unattended and to exercise her own faculties of self-preservation, it is no more than reasonable to hold him responsible, in a suit for loss of society and service, for the manner in which such faculties have been exercised."

The court in that case also noted that the husband's right of action for medical expenses and loss of services was incident to the marriage relationship and cannot exist without it. See also *Fontenot v. Pan American Fire & Casualty Co.,* 209 So.2d 105 (La. App.), *writ refused,* 252 La. 460, 211 So.2d 328.

Some courts have held that the contributory negligence of a spouse as a bar to recovery of collateral damages suffered by the other spouse is based upon the rule that an assignee of a cause stands in the shoes of the assignor. A leading case adopting this theory is *Callies v. Reliance Laundry Co.,* 188 Wis. 376, 206 N.W. 198, 42 A.L.R. 712, which involves an action by a parent to recover damages for the medical expenses incurred, and for loss of services of his child suffered on account of an injury negligently inflicted upon the child by a third party where it also appeared that the child was contributorily negligent. The parent-child relationship has been treated as analogous to the husband-wife relationship in actions brought by one spouse or a parent for the loss of services and for medical expenses incurred because of injury to the other spouse or to a child. The court in *Callies* stated:

"When a parent sues to recover for the loss of service of his child who has been injured by the concurrent

negligence of the child and a third person, the bar of the child's contributory negligence is not due to the application of the doctrine of imputed negligence. The parent is by law required to support and care for his child. In return for the performance of such obligation, the law gives to the parent the right to a part of the child's cause of action in case he is negligently injured by another. So also since the husband is required to support his wife the law likewise gives him a part of the wife's cause of action in case she is negligently injured by another. This splitting up of the cause of action resulting in some of the damages being given the child and some to the parent, or some to the wife and some to the husband, is due solely to the parental and marital relations existing between the parties. * * *

"It is therefore not a case of imputed negligence, but a case where by operation of law a part of a cause of action is assigned from the child to the parent, and the part of the cause of action so assigned can have no better standing in court than the part not so assigned. It is a familiar principle of law that an assignee of a cause of action stands in the shoes of the assignor."

See also *Stuart v. Winnie,* 217 Wis. 298, 258 N.W. 611.

Another type of reasoning was used by a court in *Ross v. Cuthbert,* 239 Or. 429, 397 P.2d 529. The court stated that it could find no reason not to abide by the settled rule that contributory negligence was a bar to the other spouse's action for loss of consortium. It held, in compliance with the rule, that a husband's contributory negligence in an automobile accident was a bar to the wife's action to recover for loss of consortium. The court made the following comment:

"* * * Evidently the courts view with disfavor a contention that a third party should pay all of the damages when the husband's own negligence was responsible for some of them. Or, it may be that the operation of the doctrine of consortium is subject to criticism when it permits a family to team up against a third party and

allow the wife to recover in her name even though her husband, who drove the car, cannot recover."

## III.
## CRITICISM OF THE RULE

The rule that contributory negligence of a spouse bars recovery of collateral damages suffered by the other spouse has been criticized by text writers, commentators and on occasion by a dissenting judge. See *Ross v. Cuthbert, supra.* An example of the type of criticism is to be found in *W. Prosser, Law of Torts* 916 (3rd ed.):

"* * * It would seem that the denial of recovery can be justified, if at all, only upon the ground that the action for loss of services is itself an historical exception to the rule that one person cannot maintain an action for an injury to another, and hence is limited to cases where the other is free from fault. But there seems to be little or no merit in denying recovery to the plaintiff for damage to his legally protected interests because another person has been negligent, merely upon such historical grounds."

The following comment — though not followed by the court — was quoted in *Ross v. Cuthbert, supra,* from *F. Harper* and *F. James, The Law of Torts* 640:

"It is held that since the husband's action for loss of consortium is derived from the wife's action, a valid defense to her action will also bar his. Thus the wife's contributory negligence will not only bar a recovery by her but will also bar him. This has certain illogical aspects to it. If there are different interests invaded by different wrongs, it might be thought irrelevant to the husband's cause of action that the wife's has been barred by her contributory negligence. If we are to accept the principle of the Restatement of Torts, negligence is not 'imputed' to a plaintiff unless his relationship to the person whose negligence is involved is such as to make him liable for that person's negligence if it resulted in injury to a third person. Here, the husband is not in modern law liable for his wife's torts and accordingly should not be barred

from recovery against a third person by her negligence. To assign, as a reason, the derivative character of his action is really begging the question since it does little more than to state the result in different language. And to state that there is but one cause of action which is 'divided' between the wife and husband is not accurate since the nature of the husband's interest is different and distinct from the wife's. In any event the rule appears to be settled and there seems no disposition on the part of courts to change it. * * * "

One Canadian case, limited to medical expense but not loss of services of a child, appears to support the critics of the majority case law. See *Wasney v. Jurazky,* 1 [1933] D.L.R. 616.

We are not persuaded that we should refuse to follow the overwhelming authority from the many jurisdictions in this country. Approximately $5000 of expenses incurred if chargeable to Mrs. Bergeron — found by the jury to have been caused by her own negligence — would not be recoverable by her. Mr. Bergeron's assumption of them by reason of the marriage does not change the fact that her conduct in driving under the hazardous weather conditions prevailing at the time contributed to her injuries and the damages. It would be incongruous to allow him such recovery.

The judgment is reversed and the cause remanded to set aside the verdict and enter judgment for the defendant.